## SUPREME COURT.

Isadore Mosselman, and others, trustees, &c., respondents agt. Meyer Caen, appellant.

*It seems,* that a question of *jurisdiction* of the court cannot be raised for the first time on *appeal.*

Thus, where the complaint showed that the plaintiff's title to certain goods and chattels in the possession of the defendant here, passed to the plaintiffs as trustees, under and by force of foreign (Belgium) bankrupt judicial proceedings, which, under the decisions of our courts, gave the plaintiffs no right of action here; but the question was not raised by the defendant, either by demurrer or on the trial.

*Held,* on appeal, by the defendant, from the judgment (roll, no exceptions taken), entered for plaintiffs, that the defendant could not for the first time raise the question, either of title or jurisdiction, on the appeal.

*New York General Term, June,* 1861.

Clerke, Allen and Sutherland, *Justices.*

Appeal, by defendant, from the judgment in favor of the plaintiffs.

Mr. Fullerton and Mr. Spilthorn, *for plaintiffs.*
A. J. Vanderpoel, *for appellant.*

By the court, Sutherland, Justice. This action was brought by the plaintiffs as trustees of the estate and effects of the firm of Sichel & Company, merchants of Brussels, in the kingdom of Belgium; the plaintiffs having been appointed such trustees by the court called the Tribunal of Commerce of the city of Brussels, which court had declared the said firm insolvent and bankrupt.

Mosselman agt. Caen.

The action was brought to recover the possession of certain goods and chattels in the possession of the defendant, in the city of New York, the title and right of possession of which, it is alleged, passed to the plaintiffs as such trustees, under and by force of such bankrupt proceedings in Belgium.

The complaint alleges the plaintiffs' title through or under the foreign bankrupt proceeding, the possession of the defendant, and certain other matters, to show that the plaintiffs, as such trustees, have the title and right of possession of the goods, as the property of the bankrupt firm.

The defendant appeared in the action, and put in an answer.

On the trial there was a verdict for the plaintiffs, and the jury assessed the value of the property at $980.53.

The appeal is upon the roll of the judgment entered on this verdict, without any case having been made or exceptions taken.

It is clear that the complaint shows no right or title in the plaintiffs to the goods, which the courts of this State will recognize or enforce.

It may be, that it shows a right or title which they could avail themselves of without resorting to our courts; but the case of *Abraham* agt. *Plestero*, (3 *Wend.*, 538,) which has been confirmed by subsequent decisions, (*Johnson* agt. *Hunt*, 23 *Wend.*, 87,) would seem to be conclusive upon the question, whether our courts will recognize or enforce a right or title acquired under a foreign bankrupt law, or foreign bankrupt judicial proceeding.

The case of *Abraham* agt. *Plestero* was certainly very broad in its repudiation of foreign bankrupt proceedings, and went much further than the case of *Holmes* agt. *Remsen*, (20 *John.*,) but I think it must be deemed conclusive authority for saying, that had the defendant raised the question by demurrer, or on the trial, it must have been held that the plaintiffs could not maintain this action.

The complaint shows that the assignment or transfer under which the plaintiffs claim, was not a voluntary assignment or transfer, but was under an assignment or transfer made under or by force of a judicial proceeding or decree.

But the defendant did not raise the question by demurrer, nor on the trial. The record of judgment before us does not show that any such objection was taken on the trial, nor indeed any of the proceedings on the trial, except the rendering the verdict.

Can the defendant then present the question to the general term by this appeal, when we must assume that he sat silent at the circuit and permitted the trial to go on and end in a verdict against him, without raising the question? I think he cannot. (*See Pope* agt. *Dinsmore*, 8 *Abbott*, 429.)

If the question should be looked upon rather as a question of jurisdiction than of title, yet the defendant, by his silence, could waive the question of jurisdiction.

The defendant was not compelled to raise the question by demurrer, he could have done so at the trial, but it will not do to let him sit silent at the trial, and raise the question for the first time on appeal.

In my opinion the judgment should be affirmed with costs.

CLERKE, P. J.   I concur, except that I do not think the defendant could raise the question at the trial after having failed to demur. If he demurred, it should be under sub. 2 of sec. 144; but sec. 148 says, if the objection is not taken by demurrer (or answer,) defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court (*under sub.* 1 *of* § 144,) and the objection that the complaint does not state facts sufficient to constitute a cause of action (*under sub.* 6 *of* § 144.)

Judgment affirmed with costs.