EDWARD C. PERKINS, as General Guardian, etc., Respondent, *v.* JOHN STIMMEL et al., Appellants.

Where a general guardian of an infant brings an action in his own name as such guardian for an injury to his ward's estate, the question as to his "legal capacity" to maintain the action, if not taken by demurrer or answer, is waived. (Code of Civil Pro. § 499.)

An action at law cannot be maintained against the sureties upon the bond of a general guardian until proceedings for an accounting have been had against the guardian and his default established therein.

The fact of the death of the guardian does not take the case out of the rule, as his personal representatives may be required to account (Code of Civil Pro. § 2606, as amended by Chap. 399, Laws of 1884), and before the sureties can be sued the proceedings on the accounting must at least establish the fact that none of the infant's property has come into the hands of the personal representatives.

In the absence of a decree to that effect the presumption is that said representatives have possession of the infant's estate, and until it is otherwise established a devastavit will not be presumed.

*Perkins* v. *Stimmel* (42 Hun, 520) reversed.

(Argued March 26, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1886, which overruled defendant's exceptions and directed judgment in favor of plaintiff upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinions.

*Edward P. Wilder* for appellants. The plaintiff cannot legally maintain this action; it should have been brought in the name of the infant by a guardian *ad litem.* (Code, §§ 468, 469, 470; *Segelken* v. *Meyer,* 94 N. Y. 479; *Buerman* v. *Buerman,* 17 Abb. N. C. 391; *Bradley* v. *Amidon,* 10 Paige, 235; *Hoyt* v. *Hilton,* 2 Edw. Ch. 202; *Weed* v. *Cantwell,* 36 Hun, 528, 533; *In re Stratton,* 1 Johns. 509; *Gunning* v. *Lockman,* 3 Redf. 273; *In re Price,* 67 N. Y. 231; *Annett* v. *Kerr,* 28 How. Pr. 324; 35 N. Y. 256; *People* v. *Holmes,* 3 Wend. 167; *Hoagland* v. *Hudson,* 8 How. Pr. 343; *People*

v. *Norton,* 9 N. Y. 179; 2 R. S. 151, § 10; Id. 150, § 3; *In re Hawley,* 104 N. Y. 263, 268.) The foregoing objection is fairly in the case and cannot be deemed to have been waived because not taken by demurrer. (*Hoagland* v. *Hudson,* 8 How. Pr. 343; *Palmer* v. *Smedley,* 6 Abb. Pr. 205; 28 Barb. 468; *People* v. *Booth,* 32 N. Y. 397; Bliss Code [2d ed.] 288, § 481; *Bk. of Lowville* v. *Edwards,* 11 How. Pr. 216; *Johnson* v. *Kemp,* Id. 186; *Bk. of Havana* v. *Wickham,* 16 id. 97; 20 N. Y. 355; *Myers* v. *Machado,* 6 Abb. Pr. 198; *White* v. *Brown,* 14 How. Pr. 282; *Phœnix Bk.* v. *Donnell,* 40 N. Y. 413; *Bearns* v. *Gould,* 8 Daly, 384.) Even if the plaintiff could bring the action, he has not shown any breach of the condition of the bond, for the reason that he has not shown any decree or order of the surrogate against his predecessor. (Code, §§ 2607, 2830; 2 R. S. 116, § 19; *Stillwell* v. *Mills,* 19 Johns. 304; *Salisbury* v. *Van Hoesen,* 3 Hill, 77; *People* v. *Barnes,* 12 Wend. 492; *People* v. *Corliss,* 1 Sandf. 228; *Trust Co. of Onondaga* v. *Pratt,* 25 Hun, 23; *Hood* v. *Hood,* 85 N. Y. 561; *Haight* v. *Brisbin,* 100 id. 219; *Estate of Scofield,* 3 Civil Pro. 323; *Bieder* v. *Steinhauer,* 15 Abb. N. C. 428; *Brown* v. *Balde,* 3 Lans. 287.) Nor can the fact that the guardian is dead create any right to proceed against the sureties upon his bond without first obtaining the decree or order of the surrogate. (Code, § 2606; *Salisbury* v. *Van Hoesen,* 3 Hill, 77; *Hood* v. *Hood,* 85 N. Y. 573; *In re Fithian,* 11 C. P. R. 211.) No devastavit on the part of the deceased guardian is shown, and there is, therefore, no basis for the judgment rendered against the sureties. (*Bieder* v. *Steinhauer,* 15 Abb. N. C. 430; *Josuez* v. *Connor,* 7 Daly, 448, 454, 455.)

*George Putnam Smith* for respondent. The action was properly brought by the plaintiff as general guardian of Emily L. Middleton. (*Coakley* v. *Mahas,* 36 Hun, 157; *Thomas* v. *Bennett,* 56 Barb. 197; *Hauenstein* v. *Kull,* 59 How. Pr. 24; *Mayo* v. *Austin,* 2 City Ct. Rep. 113; Code, §§ 2606, 2608; *Nichols* v. *Hall,* 7 Hun, 580; *Davis* v. *Carpenter,* 12 How.

Pr. 287.)   It was unnecessary to go through the form of an accounting before the surrogate before commencing this action. (*Maze* v. *Brown*, 2 Dem. 217; *Scofield* v. *Adriance*, Id. 486; *Peck* v. *Sherwood*, 5 Redf. 416; *Baggott* v. *Brulger*, 2 Duer, 160; *State* v. *Roeper*, 9 Mo. App. 21; *Davis* v. *State*, 68 Ind. 104; *Foster* v. *Maxey*, 6 Yerg. [Tenn.] 224; *Jarret* v. *State*, 5 G. & J. 27; *Fulgham* v. *Herstein*, 77 Ala. 496; *Parker* v. *Toby*, 9 Baxter [Tenn.] 221; *Comm.* v. *Murich*, 8 Watts. 159, 162; *Barnes* v. *Trafton*, 80 Va. 524, 534; *Case* v. *Beauregard*, 101 U. S. 690; *Girvin* v. *Hickman*, 21 Hun, 316.)   The statutes which require an accounting by the principal, like the chancery practice for which they are a substitute, admit the possibility of " special circumstances" which will render such accounting unnecessary.  (*Brown* v. *Snell*, 57 N. Y. 298; *Stillwell* v. *Mills*, 19 Johns. 404; *Salisbury* v. *Van Hoesen*, 3 Hill, 76.)   The orders appointing Wiley as guardian, and plaintiff as his successor, were "lawful orders" of the surrogate and cannot be attacked collaterally.  (*Harrison* v. *Clark*, 87 N. Y. 572; *Kelly* v. *West*, 80 id. 139; *Bearns* v. *Gould*, 77 id. 455; *Lewis* v. *Dutton*, 8 How. Pr. 99; Code, § 2591.)  Even if Wiley's appointment was invalid, the fact that by virtue thereof the guardian received property of the ward, which he otherwise could not have obtained, renders the sureties liable.  (*Fridge* v. *State*, 20 Am. Dec. 463; *Alston* v. *Alston*, 34 Ala. 15; *Gunther* v. *State*, 31 Md. 28; *Gray* v. *State*, 78 Ind. 68; *Behrends* v. *Rodenburg*, 1 City Ct. Rep. 93.)  Courts disregard defects in guardians' bonds.  (*State* v. *Martin*, 69 N. C. 175; *Probate Court* v. *Strong*, 27 Vt. 202; *State* v. *Britton*, 102 Ind. 214; *State* v. *Creusbacher*, 68 Mo. 254; *Alexander* v. *Commonwealth*, 102 Penn. St. 434; *Mundorff* v. *Wanger*, 44 N. Y. Super. Ct. 495.)

POTTER, J.  The action was brought by the general guardian of an infant to recover from the sureties on a bond of a former guardian, now deceased, the amount of her estate which had been, as alleged, wholly converted to his own use by such former guardian.

The bond on which this action is predicated was given on or about the 10th of April, 1882. The plaintiff, at the time of the giving of such bond by the defendants, was an infant, and was, at the time of the commencement of this action, an infant under the age of twenty-one years, and this action is brought in the name of Edward C. Perkins as the general guardian of one Emily L. Middleton, the ward of the former general guardian.

The complaint, in substance, alleges that one Wiley, who was appointed by the surrogate general guardian of said Emily L. Middleton, gave a bond in the usual form. The condition of such bond was that the said James Wiley should faithfully discharge the trust reposed in him, and obey all lawful directions of said surrogate touching his trust as general guardian of the infant Emily L. Middleton, and in all respects render a just and true account of all moneys and other property received by him, as guardian, whenever he should be required to do so by a court of competent jurisdiction.

The proof shows, and the complaint alleges, that after such appointment of said guardian, and his qualification as such, there came into his hands, as assets or property of the infant, the amount of some $16,000, consisting of cash, stocks in corporations, United States bonds, etc. The allegation of the complaint is that said Wiley misappropriated and converted to his own use such assets.

Passing by, for the present, the proof and objections and exceptions to the taking of the proof, the first question that arises is upon the capacity of the plaintiff, as general guardian of the estate of Emily L. Middleton, to maintain this action in his own name. It should be stated, in addition to the facts above, that after the appointment and qualification of said Wiley as guardian, and the giving of the bond on which the action is brought by the defendants Stimmel and M'Creery, as his sureties therein, said Wiley, after making two inventories and filing them with the surrogate, died. That there has been no letters of administration taken out by any of his family, but

letters of administration were taken out by the public adminis-trator of the city of New York.

After the making said inventories and Wiley's death, the present plaintiff was duly appointed the general guardian of the estate of said Emily L. Middleton, in the place of the former guardian, deceased. There are two questions arising in this case and they are distinctly raised — first at the close of the trial, and have been insisted upon through the appeal to the General Term, and are still insisted upon on this appeal. As before indicated, the first of these questions is, the right of Edward C. Perkins, plaintiff in this action, to maintain the same in his own name as general guardian against the sureties of the former guardian. The question has arisen from time to time in the Supreme Court and in other courts of record in this state, and has been variously decided. Some of them holding that this action may be properly maintained in the name of the general guardian, others holding that the action should have been brought in the name of the infant Emily L. Middleton by a guardian *ad litem*, duly appointed.

In *Edgar Thomas, General Guardian, etc., v. John C. Bennett* (56 Barb. 197), it was held that a general guardian appointed by the surrogate can maintain an action in his own name, as such guardian, to recover a debt due to his ward. Judge FOSTER, writing the opinion of the General Term, reviews a great number of cases in the Supreme Court and in the old courts of chancery, and reaches the conclusion stated as above. He seems to have reached that conclusion through analogy to similar cases brought by a committee of an habitual drunkard or lunatic, based upon the principle that such guardian as well as such committee is a trustee of an express trust and has absolute dominion over the personal property of the ward, with power to sell and confer good title upon the purchaser to settle any debts and claims belong-ing to his ward and to collect the distributive share of the ward in the estate of deceased persons. It was held in the same manner in *Hauenstien* v. *Kull* (59 How. Pr. 24). That case was followed and the same conclusion reached in

the case of *Mary Ann Coakley* v. *Mahar* (36 Hun, 157), Judge FOLLETT writing the opinion of the court, which was concurred in by Judges HARDIN and BOARDMAN. The question was first practically raised in this court in the case of *Segelken* v. *Meyer* (94 N. Y. 473). In that case the action was brought by an infant by his guardian *ad litem*, and the action was to recover the property belonging to the infant. The infant at the same time had a general guardian and the question presented was whether the action should not have been brought in the name of the general guardian or in the name of the infant by his guardian *ad litem*. The court, in the opinion in that case, reviews numerous cases upon this subject, and especially the case above cited (*Thomas* v. *Bennett*), and comes to the conclusion that an action to recover money or personal property belonging to an infant is properly brought in his own name by his guardian *ad litem*. The General Term, in the opinion given in this case, after discussing it at some length, use this language: "That probably it would have been better practice to have brought the action in the name of the infant by her guardian *ad litem*, but there are authorities which allow the 'suit in its present form;'" "the question has no substantial merits;'" "the cause of action is precisely the same in either case and the obligation and results are the same if a recovery be had;'" "the guardian, in fact, recovers as such in either action and takes the property as guardian, and is bound to account to the infant for the judgment and its proceeds."

In reviewing these various cases upon this question I have been impressed with what I think is a plain theory of the Code, and of the practice upon this subject, viz., that all actions brought by an infant should be brought in the name of the infant, by a guardian *ad litem*. Such has been the character of the changes which have been made in respect to actions brought by infants, and that is indicated by the changes in relation to real estate, which formerly were brought by a guardian *in socage*, and which is now required to be brought in the name of the infant by a guardian *ad litem*, in accordance

with recent amendments to section 1686 of the Code, having relation to actions in respect to the realty of infants.

If this was the only question in the case, and I had not come to the conclusion that there must be a new trial or the judgment must be reversed on another ground, I should be disposed to hold that this action was properly brought in the name of the general guardian, in accordance with various decisions which have been made from time to time on that subject. But having reached the conclusion that this judgment must be reversed, and inasmuch as it is the plain theory of the Code, and the practice now, that all actions brought by infants should be brought in their name by a guardian *ad litem*, I am inclined to hold that the action should have been brought in the name of the infant by her guardian *ad litem*, and such is and will be the better practice, I think. But while I have reached that conclusion, as a general rule of practice, it cannot avail the defendant in this case, as the objection was not raised by demurrer or answer as shown by the opinion of my brother· BROWN in this case.

I have not, in the consideration of this question, overlooked a section of the Code which is cited upon the brief of counsel, and that is section 2608, but that section is especially designed for the remedy to be pursued in case where letters granted by a surrogate appointing one person general guardian have been revoked and a subsequent guardian appointed in his place. I dont think a fair construction of that section interferes with the general proposition that an action should be brought in the name of the infant by a guardian *ad litem*.

The grave question in this case is whether an accounting is necessary before an action at law can be maintained upon the bond given by the sureties on the occasion of their principal being appointed general guardian. That question has been left in a good deal of doubt for some time and until a recent decision in the Court of Appeals. (*Hood* v. *Hood*, 85 N. Y. 561; 73 id., 574.)

This bond is substantially as was required under the Revised Statutes by the act of 1837 in regard to administrators and.

guardians, which statutes have been substantially re-enacted in and form various sections of the Code. The conditions of a bond given by an administrator and the conditions of a bond given by a general guardian are the same in terms so far as the condition or liability of the sureties is concerned. They differ in this, that, while the condition is the same, one runs in terms to the People, and the other runs to the ward by name, notwithstanding the obligations that are assumed by the sureties for the appointment of an administrator and general guardian are the same. It has been held for a long time that sureties upon a bond given for the faithful performance of an administrator could not be sued at law on the bond, and could not be sued until there had been an accounting before a surrogate, or formerly, in chancery, a decree or order made establishing the default and extent of the deficiency. There are cases to the same effect in regard to the bond of a general guardian that, before an action can be brought upon his bond at law, there should be the same kind of an accounting, decree or order determining the same essential facts as in the case of an administrator. The question remained in doubt in respect to an action upon an administrator's bond until the decision in the case of *Hood* v. *Hood* (85 N. Y.), above referred to. In the action of *Hood* v. *Hood* the plaintiff sought to compel an accounting by an executor who had been required to give security, and that security was in the form of an ordinary bond given by an administrator, to determine the amount of funds that had been misapplied and converted to the executor's use, and, at the same time and in the same action, to compel his sureties to pay the sum which might be found owing from him and which could not be collected from him. This case reviews a great number of cases arising under the obligations of an administrator and his sureties to the estate he represents ; and, inasmuch as the bond of the executor is required by statute, and as executed in that case, it was held the same rules apply to bonds of an executor as to bonds of an administrator. If the same rules apply to executors or administrators whose bonds are the same, and the same as a guardian's bond, why

do they not apply to the general guardian's bond? The result of the authorities is that no action at law can be maintained against the sureties of an executor or administrator except in case of disobedience of some order of the surrogate, and after he should have authorized the prosecution of the bond. Now, inasmuch as the condition and purposes of a general guardian's bond are the same as an administrator's bond, we should expect the same conditions, which have been decided to be necessary before an action can be brought upon an administrator's bond, are also necessary to be observed before bringing an action upon a general guardian's bond.

The Court of Appeals have reiterated that doctrine, in regard to administrators' bonds, in the case of *Haight* v. *Brisbin* (100 N. Y. 219). We find in other courts that there are several cases, and more especially the case of *Bieder* v. *Steinhauer* (15 Abb. N. C. 428), where it was distinctly held by Judge RUMSEY that an action cannot be brought upon a bond given on the appointment of a general guardian for an infant until there had been an accounting and a decree in the same manner and of the same character as we have before seen is required prior to suing sureties upon an administrator's bond. While this is a general rule, I am satisfied in respect to the sureties upon an administrator's bond, and upon the bond given by sureties upon the appointment of a general guardian, there have been intimations that in some cases that there may be exceptions to the rule, yet I find no case where extraordinary circumstances have taken a case out of the general rule, nor what extraordinary circumstances would suffice to take a case out of the rule. In the case under consideration, there is no allegation of extraordinary circumstances or peculiarities, but the action is brought against the sureties upon the bond, and the other allegation that the bond has been broken and forfeited by reason of waste or devastation of the estate committed by the general guardian.

I am, therefore, forced to the conclusion that this judgment cannot be sustained. However apparent it is that a great wrong, so far as the evidence discloses, has been done to the plaint-

iff's ward, her remedy is not gone, but it may subject her to the costs of this action in order to obtain her rights in another action more properly brought.

My conclusion, therefore, is that this judgment must be reversed and a new trial granted.

BROWN, J. The appellant makes two points against the judgment recovered in this action. First, that the plaintiff cannot maintain the action, but that it should have been brought in the name of the infant; second, that an action at law cannot be maintained against the sureties upon the bond of a general guardian until proceedings for an accounting have been had against the guardian. The first point must be deemed to have been waived, it not having been taken by demurrer or answer. (Code, § 499.)

The appellant argues that the objection is one going to the cause of action, and cites numerous authorities in support of his position. None of them sustain him. All of them except one arose upon a demurrer to the complaint. The only one in which the question was raised upon the trial was the *Bank of Havanna* v. *Wickham* (16 How. Pr. 97). In that case the General Term held that the capacity of the plaintiff to sue was independent of the cause of action, and that the objection that the action could not be maintained in the name of the Bank of Havanna, not having been taken by demurrer or answer, was waived.

This case, *sub nomine Bank of Havanna* v. *Magee*, was reversed by the Court of Appeals (20 N. Y. 355), but upon another ground, the court saying: "The objection is not that the plaintiff has not capacity to sue, but that no person, natural or artificial, is named as plaintiff. Certain persons, as infants, idiots, lunatics, etc., cannot sue except by guardians, next friends, committee, etc. This, I think, is what the provision (of the Code) refers to."

Numerous cases can be cited holding directly to the contrary of the appellant's contention. In *Phœnix Bank* v. *Donnell* (40 N. Y. 414) it is said that the objection that the facts stated in

the complaint do not constitute a cause of action has no application to the question as to the capacity of the plaintiff to sue.

In *Palmer* v. *Davis* (28 N. Y. 242) it was held that, previous to the amendment of section 114 of the Code in 1857, an objection that a wife has no capacity to sue except by a next friend, if not taken by demurrer, was waived. In *Fulton Fire Insurance Company* v. *Baldwin* (37 N. Y. 648) it was held that an objection that the complaint does not show the plaintiff's capacity to sue cannot be raised by a demurrer taken on the ground that the complaint does not state facts constituting a cause of action. (See, also, *Town of Pierrepont* v. *Lovelass*, 4 Hun, 696; *Barclay* v. *Quicksilver Min. Co.*, 6 Lans. 25; *Mosselman* v. *Caen*, 21 How. Pr. 248, opinion by CLERKE, J.) Section 488 of the Code distinctly specifies as one of the grounds of demurrer that the plaintiff has not legal capacity to sue, and this would be wholly unnecessary if the question could be raised under the objection that sufficient facts were not stated in the complaint to constitute a cause of action. The precise objection now made appeared on the face of the complaint. The care and management of infant estates are subjects of statutory regulations, as are also the manner and form in which actions by and against infants must be prosecuted.

The question in this case was, can a general guardian sue in behalf of his ward for injury to his ward's estate? That is, has he the power and authority in law or, in the language of the Code, "the legal capacity" to maintain such an action. This was a pure question of law and could have been raised by demurrer. Whether the guardian's bond was made to the People or to the infant was of no consequence, nor am I able to perceive that the plaintiff could have acquired any rights under section 747 or 814 of the Code which would have enabled him to maintain the suit, and the allegation of the complaint showed that no right to maintain the suit was claimed under section 2608.

I think, therefore, that the objection that the plaintiff could not maintain the suit was waived. The judgment must, how-

ever, be reversed upon the second ground stated. This question was very fully examined in the case of *Hood* v. *Hood* (85 N. Y. 561), in which it was sought to charge the sureties for their principal's default on a bond given by a non-resident executor. It was there decided, after a full review of all the authorities, that the default of an executor or administrator must be established in a proper proceeding against him before the sureties can be prosecuted upon the bond. To the same effect is *Haight* v. *Brisbin* (100 N. Y. 219). The respondent has endeavored to distinguish the cases cited from the one under consideration, but I think the reason of the rule applies with equal force to actions upon guardian's bonds. It was so decided in *Salisbury* v. *Van Hoesen* (3 Hill, 77) and in *Stillwell* v. *Mills* (19 Johns. 303), and both of these cases were cited with approval in *Hood* v. *Hood*. The fact of the death of the former guardian cannot take the case out of the rule, as his personal representatives may be required to account. (Code, § 2606.) The learned counsel for the respondent has cited cases holding that the administrator of the deceased guardian can only be compelled to account if he has property of the ward in his hands. (*Maze* v. *Brown*, 2 Dem. 217; *Schofield* v. *Adriance*, 2 id. 486.) These decisions were made before the amendment to section 2606, in 1884. (Chap. 399.) Subsequent to that amendment the learned surrogate of New York county entertained an application to compel an executor of a deceased executor to account, and his decree was sustained by the General Term. (*In re Fithian*, 44 Hun, 457.) In that case it was held that the purpose of the amendment was to develop all that the executor knew or could learn about the trust estate and in reference to it. We concur in this opinion. Undoubtedly no decree could be made against the administrator, if the petition to the surrogate failed to allege or the proof failed to show property of the infant in the administrator's possession. But before the sureties on the bond can be sued proceedings in the Surrogate's Court must, at least, establish the fact that none of the infant's property has come into the administrator's possession. In the absence of a

decree to that effect, the presumption would be that the administrator has possession of the infant's estate, and until it is otherwise established a devastavit will not be presumed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur. Follett, Ch. J., concurs in the result on the ground that an accounting in the Surrogate's Court must be had before a judgment can be recovered against the sureties of the defaulting guardian.

Judgment reversed.