LOUISE CARR, APPELLANT, *v.* DAVID C. HUFF AND OTHERS, RESPONDENTS.

*Infant—action to protect or recover an infant's property, in whose name to be brought.*

The better practice in bringing an action, designed for the protection of the property of an infant, or for its recovery, is to bring the action in the name of the infant, represented by a guardian appointed for the purposes of the particular action.

A judgment in an action brought by a general testamentary guardian for the purpose of charging certain lands with the payment of a legacy given to an infant, where, from the title of the action and the averments of the complaint, it is evident that the action is brought solely in behalf of the infant, and where the recovery is for his benefit, in the absence of fraud or collusion, is binding upon the infant.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of Monroe on the 4th day of December, 1889, in favor of the defendant, after a trial had at an equity term of the Supreme Court, held in the county of Monroe on the 2d day of December, 1889, at which it was adjudged that an action theretofore instituted in the Supreme Court by David C. Hull and David C. Hull, as executor of the last will and testament of William G. Hull, deceased, and as testamentary guardian of the plaintiff in the present action, then a minor, was duly, properly and legally instituted, and that the judgment therein was in all respects a valid judgment, and that the same, and all proceedings by virtue thereof, were binding and conclusive on the plaintiff in the present action, who was the minor of whom the said David C. Hull was testamentary guardian in the action theretofore brought by said Hull as plaintiff.

*George D. Forsyth*, for the appellant.

*D. B. Beach* and *Arthur E. Sutherland*, for the respondents.

MACOMBER, J.:

The plaintiff having attained her majority on the 23d day of April, 1889, brought this action to charge certain lands, particularly described in the complaint, with the payment of a legacy of $2,000 bequeathed to her by the will of her father, William G. Huff, who

died in the town of Gates, Monroe county, N. Y., January 14, 1879, leaving a last will and testament bearing date three days before his death, and which was subsequently duly probated in the Surrogate's Court of Monroe county.

By this will the plaintiff was bequeathed the sum of $2,000, and the defendant David C. Huff was appointed not only the executor thereof, but also the testamentary guardian of the plaintiff. The testator died seized in fee of three acres of land in Gates ; an undivided ninth part of fifty-four acres ; an undivided one half of three and one-half acres, and an undivided one-half of a six-acre parcel in the town of Chili.

In the month of January, 1880, the defendant David C. Huff brought an action in this court, individually and as executor, and also as testamentary guardian of this plaintiff, for the purpose, among other things, of charging the lien of the plaintiff's legacy upon the real estate of the testator and procuring a sale of the lands owned by him at the time of his death. This resulted in a judgment in December of that year, adjudging that this plaintiff had a lien upon the real estate for the payment of such legacy, and directing a sale thereof, upon which sale, which was thereafter had, the net sum of $1,023.51 was realized, applicable to the payment of such legacy, and was put into a mortgage of the purchaser of a portion of the premises, with directions by the court that it be deposited with the surrogate of Monroe county to await the coming of age of this plaintiff.

The case is silent as to what has been done with the income of this security from 1880 until the beginning of this action. There is nothing, however, to show that the plaintiff has, since she attained her majority, estopped herself from making the claim now set up by her in this action by having received the proceeds of such sale so procured in the action of David C. Huff. Unless, therefore, she is bound by the judgment procured in the suit of David C. Huff, instituted in her behalf by him as testamentary guardian, her right to recover, in whole or in part, in this action is indisputable.

Very little need be said touching the three acres of land in the town of Gates above-mentioned, because whatever claim the plaintiff may have had therein was entirely extinguished by the foreclosure of the Crittenden mortgage, in which action this plaintiff was made

a party and was properly represented therein by a guardian *ad litem* duly appointed.

In respect to the other lands mentioned in the complaint the plaintiff's rights have not been foreclosed, except as above-mentioned by the action of David C. Huff.

The argument of counsel for the appellant is that the action of David C. Huff, although he was the testamentary guardian of this plaintiff, was not a bar to the maintenance of this action, for the reason that the plaintiff herein was not represented in such action by a guardian *ad litem* or otherwise than by David C. Huff, the testamentary guardian.

Inasmuch as the action of David C. Huff, which resulted in the above-mentioned judgment, was, in reality, for the benefit of this plaintiff, the objection so made by the counsel for the appellant is, technical, and, therefore, unavailing unless there is some positive statute which renders the judgment so taken in the year 1880 nugatory. The title of that action was as follows: "David C. Huff and David C. Huff, as executor of the last will and testament of William G. Huff, deceased, and as testamentary guardian of Louisa Huff, a minor, plaintiff, against Ferdinand Huff and others." The recovery therein was solely for the benefit of this plaintiff.

The general rule now is, undoubtedly, that where an infant has a right of action he is entitled to maintain suit thereon immediately without delay on account of infancy, and that before such action is, brought a competent and responsible person must be appointed and appear as guardian for the purposes of the action of such infant. (§§ 468, 469 and 1686 of the Code of Civil Procedure.)

In the case of *Perkins* v. *Stimmel* (114 N. Y., 359), while it is, stated that the theory of the Code is that all actions for an infant, should be brought in his own name by a guardian *ad litem*, yet, such had not been a fixed and unalterable rule, so as to render null actions brought by a testamentary guardian designed solely for the benefit of the infant, and where it was apparent that the same was. brought directly in the interest of such infant. In the same case, at General Term (42 Hun, 520), it was held that the action was properly brought, but permission was given to change the same so as to make it distinctly in the name of the infant. In the case of *Coakley* v. *Mahar* (36 Hun, 157), it was held that an action brought

by the plaintiff, as general guardian of one Sarah Mahar, to recover one-half of the rent of the premises owned by the infant and the defendant in that action, as tenants in common, was authorized and properly brought in the name of the general guardian of the infant. The same principle is, in a negative way, recognized by the cases of *Segelken* v. *Meyer* (14 Hun, 593), and in the same case on appeal (94 N. Y., 473), where it was held that an action to recover money or personal property belonging to an infant may be brought in the name of the infant by his guardian *ad litem* although he has a general guardian.

On the whole, while we agree that the better practice is at present to bring an action designed for the protection or the recovery of an infant's property in the name of the infant, represented by a guardian appointed for the purposes of the action in hand, yet an action brought by the general guardian where, by the title and the averments in the complaint, it is plain to see that the same is solely in behalf of the infant, and where the recovery is for his benefit, is, in the absence of fraud or collusion, binding upon the infant. By the statute (2 R. S., 150, § 3), the guardian is required to take the custody and management of the personal estate of the minor, together with the profits of his real estate, and is authorized to bring such action in relation thereto, as guardian in socage might by law. We perceive in the provisions of the Code no language which works a repeal of this statute, and, consequently, the same must be deemed in force, although, as above stated, under the general scope and purpose of the Code of Civil Procedure, an infant should be represented by a person specially designated by the court or judge to take care of his interests in each particular action.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., and CORLETT, J., concurred.

Judgment appealed from affirmed, with costs.