Mary A. Van Zandt, as General Guardian of Harry C. Van Zandt, Respondent, *v.* John H. Grant et al., Appellants.

Guardian and Ward — When General Guardian of Infant May Maintain Action against Sureties upon Bond of Deceased General Guardian for Moneys Adjudged to Be Due Infant upon Involuntary Accounting by Administrator of Deceased Guardian. Where the general guardian of an infant, appointed to succeed a deceased general guardian, has obtained, in a proceeding in Surrogate's Court compelling the administrator of the deceased guardian to account for the property of the infant held by his intestate at the time of her death, a decree adjudging that a certain sum was due the infant and directing it to be paid to the general guardian of the infant, a certified copy of which decree was served upon the administrator of the deceased guardian and payment of the sum named therein demanded, which was not paid, the general guardian of

the infant may maintain an action as such against the sureties on the bond of the deceased guardian for the amount due the infant; it is not necessary that the general guardian be appointed a guardian *ad litem* for that purpose, nor is it necessary that an execution be first issued upon the surrogate's decree and returned unsatisfied under section 2607 of the Code of Civil Procedure, since such section must be read in connection with section 2606, which provides for a situation where such action may be brought without issuing an execution, and, therefore, creates an exception to the general rule provided for by the other section; the recovery in such case cannot be defeated by an attack upon the sufficiency of the bond of the present general guardian, the sole object of which is to protect the infant, since, under section 2746 of the Code of Civil Procedure, the amount and sufficiency of such bond is within the discretion of the surrogate having jurisdiction, and if the bond was insufficient it was his duty and within his authority to require an additional bond, but such additional bond is not a condition precedent to the bringing of the action, and, although the decision of the surrogate as to such bond could be reviewed on appeal from his decree, it cannot be attacked collaterally in the action.

*Van Zandt* v. *Grant,* 67 App. Div. 70, affirmed.

(Argued May 1, 1903; decided May 12, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 19, 1901, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Walling* and *P. C. Talman* for appellants. This action cannot be maintained by the general guardian of the infant. (*Buerman* v. *Buerman,* 17 Abb. [N. C.] 391; *Segelken* v. *Meyer,* 94 N. Y. 473; *Perkins* v. *Stimmel,* 114 N. Y. 359.) This action cannot be maintained unless execution has been issued against the estate of the former general guardian and returned wholly or partly unsatisfied. (Code Civ. Pro. § 2607.) This action cannot be maintained, as the general guardian has not given the security required by section 2746 of the Code. (*Matter of Miller,* 29 Misc. Rep. 372;

*Rieck* v. *Fish*, 1 Dem. 79; *Matter of Flagg*, 10 N. Y. S. R. 694; *Lowman* v. *R. R. Co.*, 85 Hun, 195.)

*Melvin G. Palliser* for respondent. The action is properly brought in the name of Mary A. Van Zandt, as general guardian of Harry C. Van Zandt. (*Prentiss* v. *Weatherly*, 68 Hun, 114; 144 N. Y. 707; Code Civ. Pro. §§ 488, 498; *Maxwell* v. *Pratt*, 24 Hun, 448; *Sullivan* v. *N. Y. & R. C. Co.*, 119 N. Y. 348; *Nanz* v. *Oakley*, 120 N. Y. 84; *Perkins* v. *Stimmel*, 114 N. Y. 359.) The issuance and return of an execution unsatisfied is not a condition precedent to the bringing and maintenance of this action, (Code Civ. Pro. § 2606; *Allen* v. *Kelly*, 55 App. Div. 454; *Sterne* v. *Talbot*, 89 Hun, 368.) The objection that this action cannot be maintained because the surrogate, upon making said decree, did not direct an additional bond to be given by the general guardian as required by section 2746 of the Code, is without merit or force. (*Matter of Moulton*, 10 N. Y. Supp. 717; *Matter of Brown*, 72 Hun, 163; *Allen* v. *Kelly*, 55 App. Div. 457.)

PARKER, Ch. J. Katie J. Grant was appointed general guardian of Harry C. Van Zandt, and received moneys belonging to him. Thereafter she died, and this plaintiff was appointed general guardian. She demanded an accounting by the administrator of Katie J. Grant as guardian, and the account not being voluntarily rendered, she obtained an order to show cause why an account should not be rendered, and a judicial settlement had. Such proceedings were then had, in pursuance of the provisions of the Code relating thereto, as resulted in a decree adjudging that there was due said infant from the estate of his former guardian, $2,874.65, and directing the administrator of Katie J. Grant, deceased, to pay such sum to this plaintiff, as general guardian of Harry C. Van Zandt. That decree was affirmed by the Appellate Division and this court. A certified copy of the decree, as provided by statute, was served upon the administrator of Katie J. Grant,

and demand made that the amount adjudged due the infant and payable to his guardian, should be paid.

It was not paid, however, and this action was brought against the sureties on the bond of Katie J. Grant. Issue was joined, and trial had before the court without a jury, the jury having been waived. A judgment in favor of plaintiff resulted which was affirmed at the Appellate Division.

Defendants insist here, as in the courts below, that there are three insurmountable objections to a recovery by the plaintiff.

The first objection is that plaintiff, as general guardian, cannot maintain this action — that it can only be maintained by a guardian *ad litem.*

In support of this position *Perkins* v. *Stimmel* (114 N. Y. 359) is cited. We do not think it can fairly be said that the court so decides in that case. While one of the learned judges writing for the court discusses at some length some of the cases in this state which seem at variance with each other on the question, he does not undertake to reverse the judgment on the ground that the action was improperly brought by the general guardian, as will appear from the following extract from the opinion : "If this was the only question in the case, and I had not come to the conclusion that there must be a new trial or the judgment must be reversed on another ground, I should be disposed to hold that this action was properly brought in the name of the general guardian, in accordance with the various decisions which have been made from time to time on that subject. But having reached the conclusion that this judgment must be reversed, and inasmuch as it is the plain theory of the Code, and the practice now, that all actions brought by infants should be brought in their name by a guardian *ad litem,* I am inclined to hold that the action should have been brought in the name of the infant by her guardian *ad litem,* and such is and will be the better practice, I think." (Ibid. 365.) Here is a distinct assertion by the author of the opinion that he should be disposed to hold that the action was properly brought in the name of the

general guardian were there not other objections to the maintenance of the judgment which could not be brushed aside. Argument other than that furnished by the extract from the opinion is not required to support the assertion that whatever was said upon that branch of the case was *obiter*, although it seems to have been accepted in some quarters as a decided principle.

In *Prentiss* v. *Weatherly* (144 N. Y. 707) this court affirmed on the opinion below (68 Hun, 114) a judgment in an action by a general guardian on an administrator's bond. It was insisted by the defendant that the action should be brought by a guardian *ad litem*, but it was held that section 2607 of the Code expressly authorizes the general guardian to bring the action, and that a guardian *ad litem* could not have brought it. That section provides that " Where an execution, issued upon a surrogate's decree, against property of an executor, administrator, testamentary trustee, or guardian, has been returned wholly or partly unsatisfied, an action, to recover the sum remaining uncollected, may be maintained upon his official bond, by and in the name of the person in whose favor the decree was made." The decree in that case provided that the administrator should pay the general guardian a stated sum of money, and hence it was held that it is the right of a general guardian under that section to maintain the action, and it is also asserted that a guardian *ad litem* would not possess that right.

That decision is in point and controlling in this case in so far as the question of the right of this general guardian to bring the action is concerned. There the action was brought upon an administrator's bond, while here it is brought upon the guardian's bond; but the section of the Code applies alike to each, and requires that the action be maintained by the party in whose favor the decree was made, and in this case the decree was made in favor of plaintiff as general guardian, for it directed that payment of the amount due to the infant be made to the general guardian, this plaintiff.

This brings us to the second objection urged by plaintiff,

which is, that the issue of an execution upon the surrogate's decree is a condition precedent to the bringing of this action·

While section 2607 of the Code authorizes the maintenance of an action after execution has been issued upon a surrogate's decree against property of an executor, administrator, testamentary trustee or general guardian, and, therefore, by implication, negatives the idea that an action may be maintained without issuing an execution, still that section must be read in connection with section 2606, which provides for a situation where such an action may be brought without issuing an execution, and, therefore, may be said to create an exception to the general rule provided for by the other section. It provides, among other things, that "Where an executor, administrator, guardian or testamentary trustee dies, the surrogate's court has the same jurisdiction, upon the petition of his successor, * * * to compel the executor or administrator of the decedent to account, which it would have against the decedent if his letters have been revoked by a surrogate's decree. * * * With respect to the liability of the sureties in and for the purpose of maintaining an action upon the decedent's official bond, a decree against his executor or administrator, rendered upon such an accounting, has the same effect as if an execution issued upon a surrogate's decree * * * had been returned unsatisfied during the decedent's lifetime." There is reason for this exception, but we need not stop to refer to it, for it is sufficient that the legislature has provided in effect that where a guardian, executor, administrator or testamentary trustee shall die, an execution need not be issued, and the decree upon the accounting shall justify the commencement of an action against the sureties on the bond.

Now, defendants recognize, as they must, that the section we have quoted does permit in *some* instances the commencement of an action upon a bond without issuing execution, but they insist that it applies only to those cases where the account is voluntarily made, and not where, as in this case, it is involuntary. In other words, they contend that, if the adminis-

trator in this case had applied for the accounting, and a decree
had been entered in the same form as in this case, and an
action then brought against the sureties, as here — the action
could be maintained; but as he did not apply, but was put in
motion by the general guardian, the accounting is involuntary,
and the provision quoted does not operate upon it.   But we
do not agree with this contention.   The section makes no dis-
tinction between a voluntary and involuntary accounting so far
as this provision is concerned.   In its entirety it provides for
both a voluntary and involuntary accounting, and the provision
is applicable to every decree authorized by that section,
whether the accounting be voluntary or involuntary.

The third objection made by defendants presents the ques-
tion whether a recovery in such a case as this can be defeated
by an attack upon the sufficiency of the bond of the present
general guardian, the sole object of which is to protect the
infant.

When application was made to the Surrogate's Court to
appoint plaintiff general guardian the amount of the infant's
estate was not known, and in the discretion of the surrogate
the bond was required and given before the letters of guardian-
ship were issued.   Then the guardian petitioned to compel
the administrator to render an account of the proceedings of
his intestate as general guardian, and for a decree.   The Sur-
rogate's Court is authorized by section 2746 of the Code " in
its discretion " to direct the amount found due the infant
from his late general guardian " to be paid to the general
guardian of such infant, upon his executing and depositing
with the surrogate in his office, a bond running to such infant,
*   *   *   in double the amount of such legacy or distributive
share,   *   *   *   unless the surrogate shall determine that
the general bond given by the guardian is ample and of suffi-
cient amount to cover such legacy or distributive share."

When the surrogate had before him the account and all
parties interested, he had the jurisdiction and it was his duty
to pass upon every question necessary to the final disposition
of the accounting, and under the section of the Code — a

portion of which we have just quoted — it was his duty to determine whether the guardian's bond was ample to cover the amount about to be decreed to be paid to such guardian, and if reaching the conclusion that it was not, it was his duty to provide for the giving of such additional bond as was deemed necessary. In any collateral action such as this, defendants cannot be permitted to try the question whether the court rightly disposed of the question presented to it.

It is true the Appellate Division reached the conclusion that an additional bond should have been required by the surrogate, and so modified the judgment as to compel plaintiff to give an additional bond, and that plaintiff complied without objection; and so no question relating to the modification is before us. So far as defendants are concerned, however, the question suggested has not been affected by the modification, for if the giving of an additional bond was a condition precedent to the commencement of this action, the modification does not operate to give a right of action where none existed. But it was not a condition precedent to the bringing of the action. The surrogate possessed the power, and it was his duty to require an additional bond if he deemed it necessary for the protection of the infant, or to refuse to require it if he deemed the one in existence sufficient. The decision made by the surrogate on the question could be reviewed on appeal from the surrogate's decree, but it cannot be attacked in a collateral action, such as this.

The judgment should be affirmed, with costs.

Gray, O'Brien, Bartlett, Vann, Cullen and Werner, JJ., concur.

Judgment affirmed.