Eva M. Dold, Individually and as Temporary Guardian of the Person and Estate of Albert W. Dold, an Infant, Plaintiff, *v.* Jacob C. Dold, Defendant.

(Supreme Court, Erie Special Term, March, 1918.)

Parties — who may be made — pleading — trustees — guardians — infants — joinder — actions.

Where, from the allegations of the complaint in an action in equity to rescind the sale of corporate stock and for its return, it appears that it stood in the name of the trustees of the estate of a former owner, and it is alleged that certain false and fraudulent representations were made to plaintiff who brought the suit individually and as the temporary guardian of her infant son by which she was induced to sell the stock in question to the defendant, a demurrer to the complaint on the ground that a guardian should have been appointed and the action prosecuted in the name of the infant by such guardian will be overruled, as whether the action is prosecuted in the name of plaintiff as temporary guardian, or in the name of the infant by guardian *ad litem,* the recovery, if any, would inure to the benefit of the infant.

Another ground of demurrer, to wit, that parties plaintiff had been improperly joined and different causes of action improperly united, overruled.

An application by the plaintiff to make the infant a party defendant should be made the basis of an independent and separate motion.

DEMURRER by defendant to plaintiff's complaint.

Frank F. Williams and Saperston & McNaughton, for plaintiff.

John W. Ryan, for defendant.

WHEELER, J.  One of the grounds of demurrer is that the action is improperly brought in the name of Eva M. Dold, as temporary guardian of the infant Albert W. Dold, and that the action should be prosecuted so far as his interests are concerned by a guardian *ad litem* appointed by the court for that purpose.  The action is brought alleging in substance that 1,160 shares of the capital stock of the Jacob Dold Packing Company were transferred on the books of that company from the name of Albert W. Dold (then deceased) to the trustees of the estate of Albert W. Dold, his next of kin and heirs-at-law being his widow, Eva M. Dold, and the infant Albert W. Dold. That said infant under the provisions of the laws of the state of New York became and was the owner of two-thirds of said stock, and his mother, Eva M. Dold, the owner of the remaining third, and the said Eva M. Dold, as the administratrix of Albert W. Dold, deceased, · distributed two-thirds of said estate to herself as temporary guardian of the property of said infant, Albert W. Dold, and one-third to herself individually.  It does not appear, so far as I can ascertain, that the stock itself was in fact transferred on the · books of the company or reissued one-third to Eva Dold and two-thirds to Albert W. Dold, the infant, or to Eva Dold as guardian.  The complaint seems to be silent on that point.  But the complaint does allege that induced by the means of false and fraudulent representations on the part of the defendant the plaintiff did on the 26th of September, 1912, individu-

ally and as guardian of Albert W. Dold, the infant, sign and deliver to the defendant an option to sell to him said 1,160 shares of the common stock of the company " which said 1,160 shares then belonged one-third thereof to the plaintiff individually, and two-thirds thereof to the plaintiff as guardian of the property of Albert W. Dold, an infant," and thereafter the said plaintiff individually and as such guardian delivered to said defendant said 1,160 shares of stock for an agreed consideration. The plaintiff demands judgment that said sale and transfer be set aside on account of an alleged fraud, and returned to the plaintiff, and the defendant account for dividends received thereon and for such other relief as may be just and proper.

The defendant contends among other things that the plaintiff cannot maintain this action as guardian for her son, but that a guardian *ad litem* should have been appointed and the action prosecuted in the name of the infant by such guardian *ad litem*.

Section 469 of the Code of Civil Procedure declares that: " Before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be appointed, to appear as his guardian for the purpose of the action."

This section, however, does not in terms declare that all actions for the benefit of an infant must be brought in his name and by a guardian *ad litem*. Perhaps there is an implication in the language of the section that an action may be brought in the interest of an infant without being prosecuted in his name.

We must examine the decisions for the purpose of ascertaining whether in proper cases the general guardian may bring an action in his name as such. We will first take up and consider such decisions of the Court of Appeals as we have been able to find.

In *Segelken* v. *Meyer,* 94 N. Y. 473, an action was brought on behalf of an infant by a guardian *ad litem* and it was urged on appeal that inasmuch as the infant had a general guardian the action should have been brought by the general guardian as such. The court, however, held the action well brought. This case goes no further than to hold that actions may be brought by an infant by guardian *ad litem,* and need not be instituted in the name of the general guardian.

In the case of *Perkins* v. *Stimmel,* 114 N. Y. 359, the action was brought by the general guardian for the benefit of the infant. The action was upon a guardian's bond, given by the plaintiff's predecessor, and it was held the action was properly brought. Judge Potter, however, in the course of his opinion, said, among other things: " I am inclined to hold that the action should have been brought in the name of the infant by her guardian *ad litem,* and such is and will be the better practice, I think. But while I have reached that conclusion, as a general rule of practice, it cannot avail the defendant in this case, as the objection was not raised by demurrer or answer as shown by the opinion of my brother Brown in this case."

The holding and the language quoted on first reading may appear inconsistent. It will be noted, however, that the language in *Perkins* v. *Stimmel* is at most only an expression of opinion on the part of the writer of the opinion as to what is the better practice, without a holding by the court that actions by general guardian cannot be maintained.

Construing the entire opinion of Judge Potter we can only gather that while he thought the action was well brought in the name of the general guardian, the preferable practice is to have a guardian *ad litem* named and the action prosecuted by him.

In *Van Zandt* v. *Grant,* 175 N. Y. 150, Chief Judge Parker writing for the court commented on the opinion in *Perkins* v. *Stimmel,* 114 N. Y. 359, and said he did think it could fairly be said that case held that an action could only be maintained by a guardian *ad litem* and quoted the language of the judge in *Perkins* v. *Stimmel,* 114 N. Y. 359, where he said: " ' If this was the only question in the case, and I had not come to the conclusion that there must be a new trial or the judgment must be reversed on another ground, I should be disposed to hold that this action was properly brought in the name of the general guardian, in accordance with the various decisions which have been made from time to time on that subject.' "

The learned chief judge, therefore, held in *Van Zandt* v. *Grant* that the action was properly brought by a general guardian appointed to succeed a deceased general guardian to compel the administrator of the deceased guardian to account for property of the infant. It should, however, be noted that in reaching this conclusion the court laid stress on the provisions of section 2607 (former number) of the Code expressly authorizing the general guardian to bring the action, citing *Prentiss* v. *Weatherly,* 144 N. Y. 707, affirming 68 Hun, 114, as holding that by virtue of this section such an action must be brought by the general guardian and cannot be brought in the name of the infant by a guardian *ad litem.*

The net result seems to be that the question now up for consideration has not been finally and definitely passed on by the Court of Appeals, and we must look to other decisions to guide us in its disposition.

Perhaps the decision most squarely covering the question under consideration is that of *Schlieder* v. *Dexter,* 114 App. Div. 417.

There the complaint appears to have alleged in sub-

stance that as guardian the plaintiff had certain moneys belonging to the infant which he gave to the defendants receiving therefor a note with a pledge of certain bonds as collateral, and it was held that the suit was properly brought in the name of the general guardian. The court appears to have placed its decision on the ground that as such guardian the plaintiff could sue as the trustee of an express trust, citing *Thomas* v. *Bennett,* 56 Barb. 197; *Bayer* v. *Phillips,* 10 Civ. Pro. 227.

That a general guardian is a trustee of an express trust is held in *Mitchell* v. *Mitchell,* 170 App. Div. 457, citing numerous cases.

Reverting to the allegations of the complaint it would appear that the 1,160 shares of the capital stock of the Dold Packing Company sought to be recovered did not stand in the name of the infant or in the name of the plaintiff, Eva M. Dold, but in the name of the trustees of the estate of Albert W. Dold, deceased, and that the sale made to the defendant, claimed to have been procured by fraud, was made by her individually and as guardian for said infant, and so far as the allegations of the complaint are concerned seems to have been a single contract and transaction. I am of the opinion that under such circumstances this action was properly brought by plaintiff as guardian. It can make little difference in the result whether the action is prosecuted in the name of the plaintiff as temporary guardian or in the name of the infant by guardian *ad litem.* If a recovery is had the recovery inures to the benefit of the infant. If the infant recovered in his own name the recovery would go to the plaintiff as temporary or general guardian of the property of the infant as the duly appointed person to handle and administer the fund as trustee for the infant.

Another ground of demurrer is that parties plain-

tiff have been improperly joined, and different causes of action have been improperly united in this action.

In brief the claim is that on the face of the complaint it appears the plaintiff, Eva M. Dold, has a separate and distinct cause of action against the defendant, and the infant, Albert W. Dold, a like separate and distinct cause of action, and that it is a violation of the rules of procedure to join the two causes in one action.

We have already stated the nature of the complaint and the substance of the general allegations made, to-wit, that certain false and fraudulent representations were made to the plaintiff by which she was induced to sell the 1,160 shares of capital stock in question.

This is an equity action to rescind such sale and the plaintiff prays for a return of the stock sold.

We think the case of *Bradley* v. *Bradley,* 165 N. Y. 183, decisive of the question raised. It was there held that where two stockholders acting in unison through false representations made by a third are led to make a sale of their respective stock upon an agreement made with one for both they may join as plaintiffs in one action to obtain a rescission of the sale for such fraud and the restoration of the .stock. That seems to be exactly this case. If the action were one at law to.recover damages a different question would be presented, for such an action would result in separate and distinct money judgments in favor of the plaintiffs. But here equitable relief is asked and equity may render such a judgment as the facts of the case will warrant. The recovery of dividends is a mere incident to the main object and purpose of the action. See, also, *Mullin* v. *Mullin,* 119 App. Div. 522; *Warren* v. *Parkhurst,* 105 id. 239; affd., 186 N. Y. 45.

We think the demurrer must be overruled, with

leave to the defendant to answer upon payment of costs of the demurrer.

As to the application of the plaintiff to make the infant a party defendant this in our opinion should be made the basis of an independent and separate motion.

Ordered accordingly.