CLOWES, *appellant, vs.* VAN ANTWERP and wife, *respondents.*

After a cause pending before a surrogate has been submitted to him for decision, and the parties have separated, it is too late for one of the parties to withdraw his claim.

Upon the settlement of the accounts of a general guardian, the surrogate is not authorized to make any allowance to such guardian for services rendered, or expenses incurred, by him, previous to his appointment as guardian.

Nor will a promise by the ward, made after coming of age, to pay the guardian for services rendered before the guardianship commenced, authorize the surrogate to allow a charge therefor in the accounts of the guardian.

IN EQUITY.   This was an appeal from a decree of the surrogate of the county of Albany.   The appellant had been the general guardian of Martha N. Wiswall, (now Mrs. Van Antwerp,) and was cited to render an account of his guardianship before the surrogate of Albany, on the 10th of April, 1841.   It appeared that the guardian had received a legacy belonging to his ward, amounting to $567,38.   And in addition to the commissions on the same, and the expenses attending the transaction of the business, the account of the guardian contained a charge of $150 for solicitor's and counsel fees, including expenses in obtaining the money, &c.   This charge was disputed by the counsel for the ward.   After several adjournments Mr. Frothingham was called by Mr. Clowes, the appellant, as a witness, who stated that he was one of the executors of the estate from which the legacy was payable; and that before Mr. Clowes was appointed guardian, he called on him, the witness, frequently, and urged him to pay the legacy, and threatened to bring a suit unless the same was paid.   That the claim made by Mr. Clowes in behalf of the infant, was pending between six months and a year before it was adjusted; but no suit was commenced.   The services were rendered by Mr. Clowes before he was appointed general guardian.   After his appointment as general guardian the legacy was paid to him. Mr. Frothingham also testified that he thought competent

counsel would charge $75 for such services.  It was admitted
that Mr. Clowes was requested by the infant to assist her in
getting her legacy.  The surrogate allowed all the rest of Mr.
Clowes' account, which included $28,37 for commissions, and
$8,80 for expenses.  The other facts are sufficiently stated in
the opinion of the court.  The surrogate refused to allow the
charge of $150, and Mr. Clowes, the guardian, appealed.  The
appellant stated on the argument that his object in asking for
an adjournment was to show that the respondent promised,
after she became of age, to pay for the services in question.

*T. Clowes,* appellant, in person.

*M. T. Reynolds,* for the respondent.

*By the Court,* PARKER, J.   It is claimed, on the part of the
appellant, that the surrogate erred in refusing an adjournment.
It appears by the return that after it was announced that the
appellant's claim for $150 would be controverted, an adjourn-
ment was had by consent of parties from the 18th of May, 1841,
and that the accounting was subsequently adjourned, by stipu-
lation, till the 7th of June, 1841, when the appellant proceeded
to introduce witnesses in support of his claim.   Afterwards the
appellant applied for an adjournment, which was objected to by
the respondent and refused by the surrogate, on the ground that
the appellant had not shown that such witnesses were material,
and that he had taken no steps to procure their attendance.
There was certainly no good reason shown for an adjournment
of the cause, at that stage of the proceedings; and I think the
surrogate decided correctly, in refusing it.   It is also objected
that the surrogate ought to have permitted the appellant to
withdraw his claim after it had been submitted.   The request
to be permitted to withdraw the claim was not made until after
the cause had been argued and submitted, and adjourned for
decision.   Afterwards, on the same day, the appellant applied
to the surrogate, ex parte, to be permitted to withdraw his
claim, and repeated his request when the parties met before

the surrogate to hear his decision. I think it was too late to withdraw the claim, after the submission of the cause, and the separation of the parties. (*Hess* v. *Beekman*, 11 *John. Rep.* 457. *Lathrop* v. *Briggs*, 8 *Cowen's Rep.* 171.)

The principal question involved in this appeal is whether the surrogate erred in refusing to allow that item in the appellant's account charged as " fees sol. and counsel, including expenses in obtaining money, &c. $150,00." If any part of this charge was properly allowable, it was, as proved by Mr. Frothingham, to the extent of only one half the sum charged. But I do not see upon what principle any part of the charge could have been allowed, on the proof before the surrogate. It appeared that the services in question were all rendered before the appellant's appointment as guardian. And it does not strengthen the claim at all that the appellant was employed by the minor. She was incapable, in law, of contracting for such services. Upon the settlement of the accounts of a guardian, the surrogate is not authorized to make any allowance to such guardian for services rendered, or expenses incurred, by him previous to his appointment as guardian. Such services and expenses are not those of the guardian. And for the services of the guardian, as such, the compensation is limited to the commissions allowed by law. (2 *R. S.* 214, § 36, 3*d ed.*) Nor would it have established the claim of the appellant, before the surrogate, if he had proved a promise to pay for such services, made by the ward after she became of age. Such a promise might give a right of action in a court of law, for personal services, but not a right to charge as guardian. In such a case it would be a promise after the guardianship ceased, to pay for services rendered before the guardianship commenced. Over such matters the surrogate had no jurisdiction.

The decree of the surrogate was right, and must be affirmed with costs, but without prejudice to the appellant's right to recover for his services, in an action at law.