GEORGE LEWIS PRENTISS, as General Guardian of the Estate of
MARIE CARLETON, an Infant, Respondent, *v.* JOHN S. WEATHERLY
and Another, as Executors, etc., of WILLIAM H. BOWDEN,
Deceased, Appellants, Impleaded with WILLIAM T. WARD and
JAMES M. BALDWIN.

*Surrogate's decree directing payment by an administrator to a general guardian —*
*the general guardian may maintain an action therefor on the administrator's*
*bond — appointment of a general guardian — record evidence — citation.*

When a surrogate's decree, made on the final settlement of an administrator's
account, directs the administrator to pay over the amount in his hands to a
general guardian, upon the guardian's giving the security required by section
2746 of the Code of Civil Procedure, the general guardian becomes, on execut-
ing the required bond, the proper person to maintain an action on the adminis-
trator's bond to enforce payment under the decree (§ 2607, Code of Civil Pro-
cedure); and such action cannot be maintained by a guardian *ad litem,* nor is
there any occasion for the appointment of a new administrator to bring such
action, nor is the leave of the surrogate required to enable the general guardian
to bring it.

The mere fact that a general guardian's bond, as printed in the papers on appeal,
does not show an approval by the surrogate, or an acknowledgment, does not
prove that the bond was not approved or acknowledged; the original bond,
being a record, can be received in evidence on the appeal for the purpose of
sustaining a judgment.

When an administrator has been removed after the decedent's estate has been
fully administered, the surrogate may thereafter finally settle such adminis-
trator's account, without appointing a new administrator.

The mere fact that the issuing of a citation to the former general guardian on an
application for the appointment of a new general guardian is not recited in the
letters of the new guardian is not evidence that a citation was not issued and
served.

APPEAL taken by the defendant, William H. Bowden, since
deceased, and prosecuted by his executors, John S. Weatherly and
another, from a judgment of the Supreme Court, entered in the
office of the clerk of the city and county of New York, on the 26th
day of May, 1892, on a verdict in favor of the plaintiff, rendered at
the New York Circuit by direction of the court, and from an order
denying a motion for a new trial, made on the minutes, and
entered in said clerk's office on the 24th day of May, 1892.

August 18, 1885, William Carleton died intestate, leaving Marie

Carleton, a daughter aged five years February 4, 1885, his sole heir and next of kin. June 8, 1886, letters of administration on his estate were duly granted by the Surrogate's Court of the city and county of New York, to William T. Ward, who afterwards, with James M. Baldwin and William H. Bowden, executed and filed the usual administrators' bond. On the same date, June 8, 1886, said Ward was duly appointed by said Surrogate's Court the general guardian of the estate of said Marie Carleton. Ward entered upon the discharge of his duties as administrator and as guardian and continued until June 19, 1890, when he was removed from both positions by said court. On the 9th of March, 1891, George L. Prentiss, the plaintiff, was appointed by said court general guardian of the estate of said infant in the place and stead of Ward, removed, and on the same day executed the usual guardian's bond. No administrator has been appointed in the place of Ward, removed, of the estate of William Carleton. December 31, 1890, Ward filed in said court an account as administrator, by which it appears that he then had on hand $3,413.87 in cash belonging to the estate. This account was never judicially settled. March 23, 1891, Ward filed a final account as administrator in said court, showing that he had in his hands $3,503 in money belonging to the estate, which, on the 2d of July, 1891, was adjusted and settled by said court. Ward was allowed $212.70 for commissions and counsel fees and was directed to pay to a creditor $150 in satisfaction of a claim. These sums deducted from $3,503 left $3,140.30 in his hands, which he was directed to pay over to George L. Prentiss, general guardian of the infant. Thereupon a judgment was docketed for the amount, on which an execution was issued in December, 1891, which was returned wholly unsatisfied.

This action was brought on the administration bond against William T. Ward, the principal (though not so described in the bond), and against James M. Baldwin and William H. Bowden, the sureties (though they were not described as such in the bond), to recover $3,140.30, which Ward, as administrator, was directed by the decree of the Surrogate's Court to pay to the plaintiff. Bowden alone defended the action, which resulted in a judgment May 26, 1892. On July 8, 1892, Bowden died, and the action was subsequently continued against his executors by order of the court.

*Benjamin Patterson*, for the appellants.

*George F. Bentley*, for the respondent.

FOLLETT, J. :

The learned counsel for the defendants insists that the plaintiff cannot maintain this action for three reasons : (1) That it cannot be brought by a general guardian, but should have been by a guardian *ad litem ;* (2) that it should have been brought by a new administrator appointed in the place of Ward, removed ; (3) that leave to bring it has not been granted by the Surrogate's Court.

The answer to the first objection is, that section 2607 of the Code of Civil Procedure provides that an action may be maintained on an administrator's bond by and in the name of the person in whose favor the decree was made. The decree of the Surrogate's Court directed the administrator to pay over to George L. Prentiss, general guardian of the estate of Marie Carleton, $3,140.30, upon his giving the security required by section 2746 of the Code. This brings the case within the section which expressly authorizes a general guardian to maintain the action. The decree was not in favor of a guardian *ad litem*, and the action could not have been maintained by one. November 27, 1891, the plaintiff executed a bond pursuant to section 2746, which recited the decree which perfected the plaintiff's right to bring this action.

The body of the bond is contained in the case, but the record does not show that it was " approved by the surrogate," as required by the section last cited. The answer to this is, that no such question was raised on the trial of the action. The bond, as printed, does not appear to have been acknowledged, but its admission in evidence was not objected to on this or any other ground. The fact that an acknowledgment and an approval are not printed as a part of the record does not prove their non-existence. The original bond being a record, can be received in evidence on this appeal for the purpose of sustaining the judgment. ( *Wines* v. *The Mayor*, etc., 70 N. Y. 613.)

There is nothing in the position that a new administrator should have been appointed who should have brought the action. The decedent's estate was finally settled, and there was no occasion for the appointment of a new administrator. By the decree, the lia-

bility of the administrator to this plaintiff was established and his right of action was perfect.

Section 2609 of the Code provides that an action brought thereunder shall be by leave of the surrogate. That section does not relate to actions like the one at bar, but to actions brought by " any person aggrieved * * * in behalf of himself and all others interested."

The defendants urged on the trial that the surrogate's decree was procured through the fraud and collusion of Ward, the administrator, and this plaintiff, and for that reason was not binding on the administrator's sureties. Upon an examination of the record we are of the opinion that there is not sufficient evidence of collusion to have justified the submission of the question to the jury. The administrator filed two accounts, the first, December 1, 1890, which showed an indebtedness to the estate of $3,413.87; the second account, upon which the decree was made, was filed in March, 1891, by which the administrator charged himself with $3,503. The difference, $89.13, is accounted for by the amount charged for counsel fee, which was stated in the first account as $500, and in the second account the item was stated and allowed at $410.87. There is no claim that the first account was not voluntary and made by the administrator in entire good faith. The point that the surrogate could not finally settle the accounts of the removed administrator without appointing a new one, is not well taken. Section 2693 was not intended to be mandatory, as is clearly shown by section 2609. When an estate has been fully administered, as in the case at bar, the Surrogate's Court is not required to go through with the needless formality of appointing an administrator.

It is also urged that the appointment of the plaintiff as general guardian was illegal, because the letters do not show, on their face, that a citation was issued to the person (Ward) formerly appointed general guardian. The petition, by which the proceedings resulting in the appointment stated all the necessary facts, and prayed that a citation be issued to Ward, the late guardian, to show cause, etc. It was prepared in January, 1891, but the case does not show when it was filed. The plaintiff was appointed March 9, 1891, so that there was ample time for the service and return of the citation.

The mere fact that the issuing of a citation is not recited in the

letters, is not proof that a citation was not issued and served. A further answer to this point is, that it was not taken on the trial below. If it had been it might have been obviated by producing the citation.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.