the will, and in the fourth clause of the second codicil, which disposes of two shares of this so-called residuary estate, the testator has made it possible that the gifts should lapse, and he has taken no steps to provide for them afterwards. The income which accrued before the 27th day of July, 1892, is clearly in that situation, and therefore belongs to the next of kin of the testator. In all other respects than this, I concur with the judgment of Mr. Justice BARRETT.

VAN BRUNT, P. J., concurs.

(32 App. Div. 602.)

MARTIN v. PORTER et al.

(Supreme Court, Appellate Division, Fourth Department. July 26, 1898.)

1. JUDGMENT AGAINST GUARDIAN—CONCLUSIVENESS AGAINST SURETIES.
Under Code Civ. Proc. §§ 2606, 2607, empowering the surrogate's court to compel the executor or administrator of a deceased guardian to account to the same extent as decedent, if alive, the decree entered on the accounting by the executrix of a general guardian is conclusive against his sureties, unless impeached for fraud.

2. APPEAL—REVIEW—DIRECTION OF VERDICT.
Where both parties request the direction of a verdict in their favor, the finding of the court is conclusive, unless wholly unsupported by the evidence.

3. GUARDIAN AND WARD—GIFTS—REIMBURSEMENT—SURETIES.
A ward lived with her guardian, who was also her grandfather, as a member of the family. He purchased several articles for her, paid for her instruction, and a physician's bill. He was not insolvent, and did not charge such items in his annual accounts. Held, that his sureties were not entitled to offset the value of the goods purchased and the amount expended in the ward's behalf against a liability on their bond.

4. SAME—RIGHT TO COMMISSIONS—DEVASTAVIT.
A guardian guilty of devastavit is not entitled to commissions on the ward's funds in his hands.

Action by Clara A. Hann Martin against Alonzo Porter and others to recover on a guardian's bond. A verdict was directed for plaintiff, to which defendants filed exceptions, which were ordered heard by the appellate division in the first instance. Overruled.

Clara A. Hann was born December 21, 1875; became 14 years of age December 21, 1889, and 21 years of age December 21, 1896; and was the granddaughter of Michael H. Hann, who, after the death of her father, was appointed her general guardian in August, 1881, by the surrogate of the county of Allegany. Upon his appointment the defendants Alonzo Porter and John M. Goodwin entered into the usual bond of a general guardian, in the sum of $2,000. In December, 1889, when the infant became 14 years of age, Michael H. Hann was again appointed the general guardian of the infant; and the defendants executed a second bond in the sum of $2,000, conditioned for the faithful discharge by the guardian of his duties. In 1883, 1884, 1885, 1886, 1887, 1888, 1889, 1890, 1892, 1893, and 1894, the guardian filed accounts in the office of the surrogate showing that he had in his hands $1,000 belonging to the ward. The evidence shows that this money was the avails of an insurance upon the life of her father. December 2, 1895, Michael H. Hann died, leaving a last will and testament, which was duly admitted to probate; and letters testamentary were issued thereon February 26, 1896, to the defendant Ann Hann, his widow. At the date of the death of Michael H. Hann, Clara A. Hann was a minor, since which date she has married, and her name now is Clara A. Hann Martin. In March, 1897, the plaintiff

in this action, having become of age December 21, 1896, filed a petition in the surrogate's court praying that Ann Hann, executrix of Michael H. Hann, be required to account. A citation was issued, which was personally served on the executrix March 18, 1897; and in pursuance thereof she filed an account in the surrogate's court showing that her testator received $1,000 from life insurance which belonged to his ward, and that in 1892 he received $1,018 arising from the sale of real estate in Alabama, for which sums the guardian was liable to the ward. The executrix also reported that the estate of the testator was insolvent, and that she had received no property as executrix, except $11, which she had expended for funeral expenses, and that she knew of no other real or personal property of which he died possessed. Thereupon, March 26, 1897, the surrogate's court entered a decree adjudging that Michael H. Hann at the date of his death, December 2, 1895, had in his hands, as general guardian of Clara A. Hann, the sum of $2,018, no part of which had ever been paid to her; and it was further adjudged that the executrix pay to the ward the sum of $2,018, with interest thereon from December 2, 1895, and also (it appearing that the estate of Michael H. Hann was utterly insolvent) that the ward have leave to prosecute the bonds given by Michael H. Hann as general guardian. April 22, 1897, this action was brought on the bonds to recover the sum adjudged by the surrogate's court to be due. The defendants Alonzo Porter and John M. Goodwin jointly answered, the defendant Ann Hann making default.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Clarence A. Farnum, for plaintiff.
L. C. Van Fleet, for defendants.

FOLLETT, J.  The decree of the surrogate's court entered on the accounting by the executrix of the general guardian is, unless impeached for fraud, conclusive, as against the sureties of the guardian, as to the amount due from his estate to the ward.  Code Civ. Proc. §§ 2606, 2607; Douglass v. Ferris, 138 N. Y. 192, 201, 33 N. E. 1041; Altman v. Hofeller, 152 N.Y. 498, 46 N. E. 961.  Under subdivisions 6 and 11 of section 2481 of the Code of Civil Procedure, the surrogate's court had power, upon the application of the sureties, to vacate or modify the decree for fraud, newly-discovered evidence, clerical error, or other sufficient cause.  Whether the decree can be collaterally impeached for fraud in this action brought to recover on the bond need not be decided, for I am of the opinion that the evidence produced on the trial fell far short of raising a question of fact on this issue. But if the evidence was sufficient to raise an issue of fact, both parties having asked the court to direct a verdict, the finding of the court is conclusive, unless it is wholly unsupported by the evidence. Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; McGuire v. Insurance Co., 7 App. Div. 575, 40 N. Y. Supp. 300.  On the trial the plaintiff abandoned her claim for $1,018 received by the guardian upon the sale of the real estate of the ward, upon the theory, it is supposed, that the sureties of the special guardian, instead of the sureties of the general guardian, were liable for this sum; the verdict directed being for the $1,000 received from the life insurance, with interest from the date of the guardian's death.  The defendants, for the purpose of impeaching the decree of the surrogate's court, offered to show that the general guardian purchased an organ and a piano for the ward, and also paid a physician's bill of $23 or $24 for services rendered the

ward, and a music teacher for instructing the ward. These items were not taken into account in the surrogate's court, nor was the general guardian allowed any commissions; but he was allowed the interest on the $1,000, to the date of his death, towards the support of the ward.

As before stated, the ward was the grandchild of the guardian, and lived in his family from the time she was about five years of age, and seems to have been brought up and cared for as a daughter. The fact that the grandfather gave her an organ and a piano, and paid her tuition for instruction in music, and a physician's bill, is altogether insufficient to authorize a finding that the accounting in the surrogate's court was collusive or fraudulent. He had the right to make such small gifts, it not appearing that he was insolvent when made; and that he intended them as such is shown by his annual accounts, in which those items were not charged. The guardian, having been guilty of devastavit, was not entitled to commissions on the funds in his hands.

Defendant's exceptions should be overruled, their motion for a new trial denied, and a judgment ordered on the verdict in favor of the plaintiff, with costs. All concur.