the depositor and the bank, or by reason of some peculiar facts or circumstances applicable only to the case so decided. The by-laws of the defendant bank in terms provide that no money whatever shall be drawn out without the depositor presenting the pass book. The provision requiring the production of the pass book at the time of the withdrawal of any part or all of the deposit is for the benefit of the bank. The simple fact that a pass book is produced is not sufficient to justify a savings bank in paying a deposit. The bank must use reasonable care and diligence to ascertain that the person presenting the pass book is in fact the depositor, or a person legally entitled to receive the deposit. In this case it is impossible for the depositor or any other person to produce the pass book. It is admitted that the pass book has been lost, and cannot be found after diligent search. The by-laws of the defendant bank recognize that it may become impossible for the depositor to produce the pass book. The provision relating to lost pass books is as follows:

"In the case of lost books, the bank will decide as to the person to whom payment shall be made."

This provision of the by-laws is a part of the contract in this case, but it does not mean that the bank can decide not to pay the deposit to any person, or that it will not pay the deposit without adequate indemnity. The bank has had knowledge since 1890 that the pass book is lost, and no claim has been made for the deposit, except by the depositor and the plaintiff, as her executor; and its decision refusing to pay the deposit to the executor of the last will and testament of the depositor is unreasonable.

The plaintiff is entitled to judgment in the sum of $3,900, with interest thereon from September 10, 1897, besides costs; and a decision and judgment may be prepared accordingly.

---

(42 App. Div. 377.)

## In re LAWSON.

## In re LAWRENCE'S ESTATE.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. APPEAL—NOTICE—REPORT OF REFEREE.
    Under Code Civ. Proc. § 2571, providing that an appeal taken from a decree brings up for review each intermediate order which is specified in the notice of appeal and necessarily affected the decree, and section 2545, providing that an appeal from a decree or an order of a surrogate's court brings up for review each decision to which an exception is duly taken by the appellant, a notice of appeal from the report of a referee, and the decree of the surrogate court rendered thereon, is sufficient to bring up for review, not only the decree, but all the orders and findings upon which it rested, though such notice of appeal does not in terms specify the decree of confirmation of the referee's report.

2. SAME—ACCOUNTING BY ADMINISTRATOR—FAILURE TO FILE OBJECTIONS.
    Where the administrator of E. filed his account in behalf of his intestate as administrator of S., and the administrator de bonis non of S.'s estate appeared, and, on his allegations and claims, E.'s estate became charged with a debt for which the sureties on E.'s bond became liable, and the credit which the administrator of E. claimed practically in their favor was disallowed, the mere fact that the sureties on E.'s bond did not file objec-

tions to the account of the administrator of E. does not disentitle them to be heard on appeal upon the issues which such administrator raised, in effect, in their behalf.

3. SAME—DECREE—RESERVING RIGHTS.

Where there is a valid claim in favor of E.'s estate against S.'s estate, the sum to be paid by the administrator of E. to the administrator de bonis non of S. is reduced to an amount equal to such claim, and thus the liability of the sureties on E.'s bond as administrator of S. is reduced pro tanto; and the surrogate's court, in rendering a decree on a referee's report, in which such claim is not considered, because of the want of jurisdiction, should reserve to such sureties the right of recourse to the claim in such proceeding against the estate of S. as they might wish to take, or leave it open to them as a defense to their liability on the bond.

Appeal from surrogate's court, Sullivan county.

In the matter of the accounting of Alexander F. Lawson as administrator of Edwin R. Lawrence deceased, who was the administrator of Sarah J. Lawrence, deceased. From a decree of the surrogate court upon a judicial settlement by the administrator of said Edwin R. Lawrence of the latter's accounts as administrator of the estate of Sarah J. Lawrence, the sureties on the bond given by Edwin R. Lawrence as administrator of the estate of Sarah J. Lawrence appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John P. Roosa, Jr., for appellants.
Frank S. Anderson, for respondent William L. Thornton.

LANDON, J. Edwin R. Lawrence was appointed August 17, 1891, by the surrogate of the county of Sullivan, the administrator of the personal estate of his deceased wife, Sarah J. Lawrence, who died February 20, 1888. These appellants were the sureties upon the bond given by him for the faithful discharge of his duties. He filed an inventory May 23, 1892, in which he stated assets in his hands amounting to $997.25, less $150 thereof set off to him by the appraisers, and stated therein that $915 thereof was the amount bid by himself upon the foreclosure of a mortgage which belonged to his intestate at the time of her death, and which he had foreclosed as her administrator. He filed an account with the surrogate September 11, 1893, in which he charged himself with the $997.25, and claimed credits for payments to the amount of $184.49, besides his commissions. A hearing was had thereon in the surrogate's court, but no adjudication was made. He subsequently sold the real estate thus acquired for $10,000. The fact was that his intestate had foreclosed the mortgage in her lifetime, and bid in the property herself. The foreclosure was by advertisement, and was regular in form, except that all the affidavits had not been filed at her death, and never have been filed. The administrator held the note of his wife, payable to himself, for $650, which apparently was a valid obligation against her estate. The administrator died in May, 1895, without ever having had any judicial settlement of his accounts as administrator, and apparently insolvent. In June following, Alexander F. Lawson was appointed administrator of Edwin R. Lawrence's estate. August 13,

1897, William L. Thornton was appointed administrator de bonis non of the estate of Sarah J. Lawrence. January 3, 1898, Alexander F. Lawson, as administrator of Edwin R. Lawrence, instituted this proceeding in the surrogate's court of Sullivan county for a judicial settlement of the accounts of Edwin R. Lawrence as late administrator of the estate of Sarah J. Lawrence. Citations were issued, and served, among others, upon these appellants, the sureties upon Edwin R. Lawrence's bond as administrator, and upon William L. Thornton, the administrator de bonis non of the estate of Sarah J. Lawrence, all of whom appeared upon the accounting. Lawson, as administrator, filed an account, in which he stated that no assets had come to his hands; that he knew nothing of the state of the accounts of Edwin R. Lawrence as such administrator, except as stated in the said account filed as aforesaid by said Lawrence with the surrogate, and that he (Lawson), as administrator of Edwin R. Lawrence, held, as a claim against the estate of said Sarah J. Lawrence, the said note of $650, and could find no property of her estate out of which to satisfy it. Lawson did not make the said account filed by Edwin R. Lawrence as administrator of Sarah J. Lawrence part of his account in behalf of said deceased administrator, but he referred to it, and it was read in evidence in this proceeding. Thornton, as administrator of the estate of Mrs. Lawrence, filed objections to Lawson's account, denying that the note of Sarah J. Lawrence was a valid claim against her estate in favor of said Edwin R. Lawrence's estate, insisting that the latter estate should account for the $915, the amount of Edwin R. Lawrence's bid upon the second foreclosure sale aforesaid, and challenging a credit claimed in behalf of Edwin R. Lawrence of $51.10, the costs of the first foreclosure. These appellants filed no objections to Lawson's account. The surrogate thereupon, under section 2546, Code Civ. Proc., made an order referring the matter and all questions arising upon the settlement of said account to a referee, to hear and determine, subject to modification or confirmation by the surrogate. The referee practically adopted the account as filed with the surrogate by Edwin R. Lawrence in his lifetime, and found that said Lawrence at the time of his death had in his hands, as administrator of the estate of Sarah J. Lawrence, $707.76. The referee refused to pass upon the validity of the claim upon the said note of $650 given by Sarah J. Lawrence to Edwin R. Lawrence. The surrogate afterwards confirmed the report of the referee, and directed that a decree be entered in accordance therewith; the order reciting that due notice of the filing of the report was served, among others, upon these appellants, more than eight days before the order of confirmation, and that no exceptions thereto had been filed. It does not appear that any notice of the motion for the confirmation of the referee's report was served upon these appellants. Pursuant to said order of confirmation, and upon notice to these appellants of the application to the surrogate's court for a settlement of the decree, the court did settle and enter the decree pursuant to the report of the referee; adding $199.12 interest to the amount found due, because Edwin R. Lawrence had mingled the funds of the estate with his own, making $906.88, which the decree

directed Lawson, as administrator of the estate of Edwin R. Lawrence, to pay out of the funds of the estate to Thornton, as administrator of the estate of Sarah J. Lawrence, together with certain allowances of costs. After the order of confirmation, and before the decree, it was stipulated between the attorney for Thornton, as administrator of the estate of Sarah J. Lawrence, who is the only respondent appearing upon this apeal, and the attorney for the sureties, the only appellants, that the sureties could file exceptions to the referee's report nunc pro tunc, and that they waived notice of motion for the confirmation of said report, and that the same stands as in all things confirmed. The sureties then filed exceptions to the referee's report; excepting to the finding that Sarah J. Lawrence owned at the time of her death the bond and mortgage aforesaid, and that Edwin R. Lawrence, as administrator, foreclosed the same after her death, and thereupon bought the mortgaged property individually, and agreed to pay $915 therefor, and to the items of the account, and the account itself, as stated by the referee, and to his refusal to pass upon the validity of the claim of Lawson, as administrator, against the estate of Sarah J. Lawrence for the said note of $650. The sureties then appealed to this court from the decree of the surrogate's court.

Objection is taken by the respondent to the sufficiency of the notice of appeal to bring before the court the merits of the controversy. The notice of appeal does not in terms specify the decree of confirmation of the referee's report. The notice of appeal is "from the report of the referee, and the decree of the surrogate rendered thereon;   *   *   * especially from that portion of said report and decree, and each and every part thereof, relating to any charge or indebtedness against the administrator of the estate of Lawrence, deceased, and in favor of William L. Thornton, administrator de bonis non." Section 2571, Code Civ. Proc., provides that "an appeal taken from a decree, brings up for review each intermediate order which is specified in the notice of appeal, and necessarily affected the decree." Section 2545 provides that "an appeal from a decree or an order of a surrogate's court brings up for review   *   *   * each decision to which an exception is duly taken by the appellant." It will be observed that the language here used is less exacting than that employed in section 1301, relative to appeals in another class of cases, in which it is prescribed that "where the appeal is from a final judgment   *   *   * and the appellant intends to bring up for review thereupon an interlocutory judgment, or an intermediate order, he must, in the notice of appeal, distinctly specify the interlocutory judgment or intermediate order to be reviewed." In this case the referee's report is the basis of the order of confirmation and subsequent decree, and it is plain from the notice of appeal that the sureties intended to bring up for review, not only the decree, but all the orders and findings upon which it rested. We think the notice of appeal should be liberally construed in favor of the sureties against the administrator of an estate other than the accounting administrator.

It is urged that the sureties filed no objections to the account of Lawson in behalf of Edwin R. Lawrence as administrator of Sarah

J. Lawrence.   His account in such behalf was to the effect that none of the assets of Sarah J. Lawrence's estate had come to his hands, and that he did not know whether there were any, but that he, as administrator of Edwin R. Lawrence, held a claim for $650 against the estate of Sarah J. Lawrence.   The administrator de bonis non of the latter's estate appeared, and, on his allegations and claims, Edwin R. Lawrence's estate became charged with a debt for which these sureties seem to be liable, and the credit which Edwin R. Lawrence's administrator claimed practically in their favor was disallowed.   It is not clear that they were called upon formally to object to Thornton's claims.   They naturally would expect Lawson to oppose them, and to seek the proper order respecting the note, and they ought to be permitted to be heard on appeal upon the issues which he raised, in effect, in their behalf.   The result is, they appear to have been cast in a liability which they never assumed, namely, for the proceeds of a mortgage which Sarah J. Lawrence, in her lifetime, had satisfied by the purchase, upon her foreclosure of it, of the real estate covered by it.   She foreclosed the mortgage by advertisement, and purchased the mortgaged real estate at the foreclosure sale for $1,160; being more than was due thereon.   The affidavits of sale were all made in due form, but were not all filed.   Nevertheless the title passed to Sarah J. Lawrence, it being her business whether she would preserve the evidence of her title.   Mowry v. Sanborn, 68 N. Y. 165; Id., 72 N. Y. 539; Tuthill v. Tracy, 31 N. Y. 157; Osborn v. Merwin, 12 Hun, 332.

Respecting the note of $650 given by Sarah J. Lawrence to Edwin R. Lawrence, if it is a valid claim in favor of Edwin's estate against Sarah's, then Sarah's estate should pay to Edwin's estate the amount thereof, or such ratable part as Sarah's estate can in the due course of administration pay thereon; and, whatever that sum is, it should reduce the amount that Lawson, as administrator of Edwin's estate, should pay to the administrator of Sarah's estate, and thus, pro tanto, reduce the liability of the sureties.   The surrogate refused to pass upon the matter, upon the ground that he had no jurisdiction in this proceeding.   It is true that the amount to be credited Edwin's estate thereon could not be determined without an accounting of Sarah's estate.   But the surrogate's decree fixes the sureties' liability.   Martin v. Hann, 32 App. Div. 602, 53 N. Y. Supp. 186; Scofield v. Churchill, 72 N. Y. 565.   It should have reserved to Lawson, as administrator, and thus to them, the right of recourse to the note in such proceeding against the estate of Sarah J. Lawrence as they might be advised to take, or left it open to the sureties as a defense to their liability upon the bond.

The decree of the surrogate is reversed, as to these appellants, and the reference discharged, with costs against Thornton as administrator, and a new hearing granted before the surrogate.   All concur.