In the Matter of the Judicial Settlement of the Account of DONALD GRANT, as Administrator of KATE GRANT, Deceased, who was the General Guardian of HARRY C. VAN ZANDT, an Infant.

DONALD GRANT, as Administrator of KATE GRANT, Deceased, who was the General Guardian of HARRY C. VAN ZANDT, an Infant, Appellant; MARY A. VAN ZANDT, Respondent.

*Guardian and ward — expenses incurred by a mother in recovering possession of her infant son before her appointment as his general guardian — they are not chargeable against the son's estate — when the mother is not entitled to an allowance for the son's board in his stepfather's house.*

A mother who, to recover the custody of her infant boy from his grandmother, institutes habeas corpus proceedings based solely upon the fact that she is his mother, is not entitled, upon subsequently being appointed his general guardian, to charge the expense of the proceeding against the estate of the child.

Where, after the mother's appointment as general guardian, the child lives with his mother and stepfather in the stepfather's house, his mother paying nothing for his board nor agreeing to do so, the mother is not entitled to an allowance out of the child's estate of the cost of the board thus furnished to the child.

*Quære*, whether the stepfather could enforce any claim for the child's board.

APPEAL by Donald Grant, as administrator of Kate Grant, deceased, who was the general guardian of Harry C. Van Zandt, an infant, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 19th day of June, 1900, judicially settling his account as such administrator, and confirming the report of a referee, filed on the 14th day of November, 1899.

*Edward W. S. Johnston*, for the appellant.

*Hector M. Hitchings*, for the respondent.

RUMSEY, J.:

Kate Grant, the general guardian of Harry C. Van Zandt, an infant, died on the 13th of April, 1897, and Donald Grant, her husband, having been appointed her administrator, was cited to render an account of the moneys received and paid out by her as the guardian of Harry C. Van Zandt, and this appeal is from the decree of the surrogate settling the account.

On this appeal two questions are presented. It appears that Kate Grant was the mother of Harry Van Zandt by a former husband who died on the 9th day of November, 1891, Harry Van Zandt being then an infant eight years old and living with his grandmother. Shortly after the death of her husband, Mrs. Van Zandt commenced habeas corpus proceedings to recover the custody and possession of the infant boy, Harry Van Zandt, from his grandmother. That proceeding was pending until the 13th day of June, 1892, when it was ended by an order requiring that the possession and custody of the boy should be transferred to his mother. In the course of that proceeding she had incurred debts for counsel fees, etc., to the amount of $1,700. Mrs. Van Zandt was appointed general guardian of her son on the 9th day of July, 1892, so that during the pendency of the habeas corpus proceedings she was not his guardian, and she claimed the possession of the boy simply because she was his mother. Mrs. Van Zandt married the appellant here, Donald Grant, in the latter part of the month of November, 1891. Upon the accounting as administrator of his wife, Donald Grant asked the allowance of this sum of $1,700 to him. This was refused by the surrogate.

There can be no doubt upon the authorities that this portion of the decree of the surrogate was correct. In the case of *Clowes* v. *Van Antwerp* (4 Barb. 416) it was held that upon the settlement of the accounts of a general guardian the surrogate is not authorized to make any allowance to such guardian for services rendered or expenses incurred by him previous to his appointment as guardian. That case was affirmed by the Court of Appeals upon the opinion of the General Term as reported above. (*Clowes* v. *Van Antwerp*, 6 N. Y. 466.) It is a controlling authority upon this appeal. In *Ex parte Dawson* (3 Bradf. 130) the infant, a citizen of this State, had been clandestinely taken to England, and it was held that the guardian was justified in attempting to recover the custody of his ward by invoking the aid of the English courts, and that the expenses of such a proceeding were a proper charge on the infant's estate. But in that case it appeared that the proceeding had been taken by the guardian after his appointment as such, and the allowance was made because it seemed to the surrogate that it was the duty of the guar-

dian to take such steps as were necessary to recover the possession of the infant, of whose person he had been appointed guardian. That case is no authority for the contention of the appellant here. Mrs. Van Zandt's right to recover the possession of her son was based solely upon the fact that she was his mother, and she was asserting that right not because of any duty which was imposed upon her by a surrogate's decree, but simply of her own volition.

It appeared from the report of the referee to whom the issues were submitted in that proceeding that the infant had been left in charge of his grandmother by his father, who had lived separate from Kate Van Zandt, and that she was a proper person to have such charge and custody. But the infant was decreed to be delivered to his mother simply because of the relationship between them, and because, too, that although the grandmother was a proper person, Mrs. Van Zandt was also a proper person, and the prior right was in her. This affords no reason why the estate of the infant should be charged with the cost of the recovery of the possession of the boy, because it was purely for the satisfaction of the mother, and not for the benefit or welfare of the infant.

In the account Donald Grant seeks to charge the estate of the infant with board which he individually furnished him for 247 weeks at the rate of six dollars a week. The evidence shows that after the marriage of Kate Van Zandt to Grant this boy lived in the house of his stepfather. Mrs. Grant paid nothing for the board of her son, nor did she agree to make any payment therefor. Donald Grant makes here no personal claim for board, nor does he claim that the estate of the infant should be made chargeable to him individually for board. His claim is that because the boy lived in the family of his stepfather the estate of his mother should be made good for any amount which she might probably have paid if she had been compelled to do so, but which it is conceded she did not pay, and which it does not appear she ever became liable for. It seems to me that this statement is a sufficient answer to the claim which the administrator makes here. As there is no claim that there was any agreement on the part of Mrs. Grant to pay board for her son, and as it appears that the mother and son lived together with the stepfather as part of his family, there is a serious question whether the appellant here even individually could enforce any claim

for the board of the boy. (*Otis* v. *Hall*, 117 N. Y. 131.) But it is sufficient to say that he makes no such claim. He only asks that his wife, as guardian, be allowed a certain sum for the board of her ward, which it is conceded she never paid.

There was a dispute as to the allowance of two small sums of four dollars and sixteen dollars and seventy-five cents for clothes furnished during the last eleven months and four days of Mrs. Grant's life. As the surrogate upon the testimony would have been justified in finding that that clothing was not delivered, there is no reason for interfering with his decree in that regard.

For these reasons the decree of the surrogate must be affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and McLaughlin, JJ., concurred.

Decree affirmed, with costs.