(67 App. Div. 70.)

## VAN ZANDT v. GRANT et al.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

1. GUARDIAN'S BOND—SURETIES' ACTION AGAINST SURETIES.

Code Civ. Proc. § 2606, provides that, where a guardian dies, the surrogate's court may, on petition of his successor, compel the deceased guardian's administrator to account, authorizes a voluntary accounting by an administrator of a deceased guardian, and provides that with respect to the liability of the sureties on a deceased guardian's official bond a decree against his administrator on such an accounting has the same effect as if an execution issued on a surrogate's decree had been returned unsatisfied during the administrator's lifetime. Section 2607 enacts that after return of execution issued on a surrogate's decree against the property of an administrator unsatisfied an action may be maintained on his official bond. *Held*, that where a guardian has compelled the administrator of his predecessor to account under section 2606, and a decree has been rendered finding the deceased guardian's estate indebted to the complainant, an action may be maintained against the sureties on the deceased guardian's official bond without the issuance and return of an execution unsatisfied, since section 2606 relates to an account whether voluntary or involuntary, and is intended to take such a case out of section 2607.

2. SAME—PARTIES.

That the sureties on the official bond of the deceased guardian were not made parties to an accounting under section 2606, Code Civ. Proc., does not render the decree therein ineffectual as to them.

3. SAME—PLEADING—DEMUR.

Code Civ. Proc. § 488, enacts that a defendant may demur to the complaint where it appears on the face thereof that the complainant has no legal capacity to sue. *Held*, that where a guardian sues the sureties on the official bond of her predecessor after an accounting under section 2606, an objection to the complaint on the ground that complainant could not sue because not the guardian ad litem was waived by failure to demur.

**4. SAME—PLEADING—ANSWER—ALLEGATIONS.**

An allegation in the answer to the effect that plaintiff was not the real party in interest did not amount to an objection that complainant was not possessed of legal capacity to sue.

**5. SAME—ACCOUNTING—SUIT BY GUARDIAN—REAL PARTY IN INTEREST.**

Code Civ. Proc. § 2608, provides that, where a guardian's letters have been revoked by a surrogate's decree, the guardian's successor may sue on his predecessor's official bond, in which he may recover any money or the full value of any property received by the principal in the bond, and not duly administered by him, and to the full extent of the estate of the decedent or infant. Section 2606 gives the surrogate's court the same jurisdiction to require an accounting by the administrator of a deceased guardian which it would have against the decedent if his letters had been revoked. The general guardian of an infant sued the administrator of her predecessor under section 2606 for an accounting under section 2606, and a decree was rendered under the practice prescribed in section 2608, the decree requiring the sum due from the deceased's guardian's estate to be paid to such general guardian. *Held*, that a contention that such guardian, not being guardian ad litem, could not sue the sureties on the official bond of the deceased guardian, was without merit, such guardian being the real party in interest.

**SAME—SUIT BY GUARDIAN—BOND.**

Where the guardian of an infant compelled an accounting by the administrator of the guardian's predecessor under section 2606, Code Civ. Proc., and the sum found due from the administrator was in excess of complainant's bond as general guardian, and the surrogate erroneously failed to require any further bond, in an action by the guardian against the sureties on the deceased guardian's bond a judgment in favor of complainant should require as a condition of the guardian receiving the money due that she file with the surrogate a bond in at least twice the amount of property held by her and the amount of the judgment, or an additional bond which, together with the original one, would be sufficient security.

Appeal from trial term, New York county.

Action by Mary A. Van Zandt, as general guardian of Harry C. Van Zandt, an infant, against John H. Grant and another. From a judgment in favor of complainant, defendants appeal. Modified and affirmed.

Argued before PATTERSON, HATCH, INGRAHAM, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellants.

Melvin G. Palliser, for respondent.

LAUGHLIN, J. This action was brought to enforce the liability of the sureties on a guardian's bond, and the issues were tried before the court, a jury trial having been waived. On the 7th day of July, 1892, Katie Jay Grant was duly appointed by the surrogate of the county of New York general guardian of the person and property of Harry C. Van Zandt, an infant then under 14 years of age, and she duly qualified by taking the oath of office as required by law, and by filing an undertaking in the penal sum of $8,000, with the appellants as sureties, in the form and conditioned as prescribed in sections 2830 and 2831 of the Code of Civil Procedure. The guardian entered upon the performance of her duties, and continued to perform the same until her death, which occurred on the 13th day of April, 1897. Her husband was subsequently appointed administrator of

her estate by the surrogate's court of Sullivan county. Mary A. Van Zandt was duly appointed general guardian of the person and property of the infant on the 13th day of May, 1898, and as such she duly instituted a proceeding before the surrogate of the county of New York to require an accounting by the administrator of the estate of the former guardian and of the moneys and property of the infant which came into the hands of his decedent as such guardian. An accounting was duly had before the surrogate, and on the 19th day of June, 1900, a decree was duly made by the surrogate's court of the county of New York adjudging that the balance for which the former guardian was liable as such was the sum of $2,874.65, together with interest thereon from the 22d day of December, 1899, and ordering and directing that said balance, together with the sum of $190.10, the costs of the accounting, be paid by said administrator to said Mary A. Van Zandt as such general guardian. A copy of this decree, together with notice of entry thereof, was duly served on the administrator on the 25th day of June, 1900, and he has failed to comply therewith. This action was subsequently brought on said decree to recover of the sureties on the official bond of the former guardian the amount thus found due and owing from the guardian to the infant and the costs of the accounting as fixed and allowed by the decree. A recovery has been had for the entire amount, together with costs and an extra allowance of 5 per centum.

The appellants contend that the decree of the surrogate shows that the funds to recover for which this action was brought came into the hands of the administrator of the deceased guardian, and it is therefore improper to proceed against her sureties. The administrator appealed from the decree of the surrogate to this court, where the decree was affirmed (In re Grant, 56 App. Div. 176, 67 N. Y. Supp. 654), and from the judgment of affirmance to the court of appeals, where it was also affirmed (166 N. Y. 640, 60 N. E. 1111). The record on that appeal shows that the decree could not have been intended as a finding that the property came into the hands of the administrator, for all the evidence on the accounting proceeding tending to show what money or property came into the hands of the administrator was excluded. But if we are not at liberty to consider that record, it not having been introduced in evidence in this case, a careful examination of the decree in the light of the provisions of the Code and the decisions of the courts fails to show that it was intended to have any other effect than a determination of the amount due the trust estate from the former guardian. Code Civ. Proc. §§ 2552, 2606; In re Fithian, 44 Hun, 457; Perkins v. Stimmel, 114 N. Y. 359, 370, 21 N. E. 729, 11 Am. St. Rep. 659. We do not agree with the contention of the appellants that all remedies against the administrator by execution or contempt proceedings must be first exhausted before recourse may be had to the liability of the sureties on the guardian's bond. By the express terms of sections 2605 and 2606 of the Code of Civil Procedure, where a guardian dies, the surrogate's court is authorized, upon the petition of his successor, to compel his executor or administrator to account. The last-mentioned section also authorizes a voluntary accounting by the executor

or administrator of a deceased guardian, and it then provides as follows:

"With respect to the liability of the sureties in and for the purpose of maintaining an action on the decedent's official bond, a decree against his executor or administrator, rendered upon such an accounting, has the same effect as if an execution issued upon a surrogate's decree against the prop-erty of decedent had been returned unsatisfied during decedent's lifetime."

As we construe the section, the provision of law quoted relates to any accounting had under that section, whether voluntary or involuntary. It would seem to follow that the issuing of an execution is not a condition precedent to the commencement of an action against the sureties upon the official bond of the deceased guardian. The effect of the decree is to authorize an action thereon forthwith against the sureties on the official bond of the decedent, the same as if he were living, and an execution against his property upon the surrogate's decree had been returned unsatisfied; and its purpose was to take such a case out of the provisions of section 2607 of the Code of Civil Procedure, which authorizes a suit upon the official bond only after a return of execution wholly or partly unsatisfied. Allen v. Kelly, 55 App. Div. 454, 67 N. Y. Supp. 97. It does not appear that the sureties were parties to the accounting proceeding, but the decree is nevertheless binding upon them. Douglass v. Ferris, 138 N. Y. 192, 33 N. E. 1041, 34 Am. St. Rep. 435; Altman v. Hofeller, 152 N. Y. 498, 46 N. E. 961; Martin v. Hann, 32 App. Div. 602, 53 N. Y. Supp. 186. Allen v. Kelly, supra.

The appellants also contend that the action can only be maintained by a guardian ad litem of the infant. This is, in effect, a claim that the plaintiff has no legal capacity to sue. If this be an insuperable objection, it appeared on the face of the complaint, and was waived by the defendants' failure to demur thereto. Code Civ. Proc. §§ 488, 499; Maxwell v. Pratt, 24 Hun, 448; Sullivan v. Cement Co., 119 N. Y. 348, 23 N. E. 820; Nanz v. Oakley, 120 N. Y. 84, 24 N. E. 306, 9 L. R. A. 223; Id., 122 N. Y. 631, 25 N. E. 263; Perkins v. Stimmel, 114 N. Y. 359, 365, 368, 369, 21 N. E. 729, 11 Am. St. Rep. 659. The objection was not taken by demurrer, nor is it specifically raised by the answer. It is alleged in the answer that the plaintiff is not the real party in interest. The distinction between not having legal capacity to sue and not being the real party in interest is obvious. The plaintiff has a personal interest in the matter, at least to the extent of his fees, and there is no claim of a defect of parties properly presented.. Section 2608 of the Code of Civil Procedure provides that:

"Where letters have been revoked by a decree of the surrogate's court, the successor of the executor, administrator or guardian whose letters are so revoked may maintain an action on his predecessor's official bond, in which he may recover any money or the full value of any property received by the principal in the bond and not duly administered by him; and to the full extent of any injury sustained by the estate of the decedent or the infant, as the case may be, by any act or omission of the principal."

By section 2606 of the Code of Civil Procedure the same jurisdiction is given to the surrogate's court to require an accounting by the executor or administrator of a deceased guardian "which it would

have against the decedent if his letters have been revoked." The decree expressly directing the payment of the money to the general guardian was made on an accounting had under this section. In making the decree the court followed the practice prescribed in section 2608, which it has been determined is proper under section 2607 (Prentiss v. Weatherby, 68 Hun, 114, 22 N. Y. Supp. 680; Id., 144 N. Y. 707, 39 N. E. 858); and, although these sections may not be strictly applicable, we think the decree in that regard is valid. The plaintiff, in her representative capacity, is therefore clearly the real party in interest. We think the action may be maintained in the form in which it is brought, and it is unnecessary to decide whether an action could have been maintained by a guardian ad litem, or whether that would have been the better practice,—as to which question the authorities are not altogether harmonious. Prentiss v. Weatherby, 68 Hun, 114, 22 N. Y. Supp. 680; Id., 144 N. Y. 707, 39 N. E. 858; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659; Segelken v. Meyer, 94 N. Y. 473.

It is not shown what property came into the hands of the plaintiff as such general guardian, but it appears that the penalty of the bond given by the plaintiff as general guardian is only $2,000, and the amount of the recovery is largely in excess of that sum. That is a question which does not concern the defendants, as payment by them to the plaintiff will discharge their liability. The surrogate, however, should have required a new or additional bond as a condition of authorizing the general guardian to receive the funds; but this court may correct that omission.

The judgment should be modified by providing that before receiving the money or collecting the judgment the general guardian shall file with the surrogate, in lieu of her existing bond, either a new bond, as prescribed in said section, in a penalty which the surrogate shall determine, to be at least twice the amount of any property now in her hands as such general guardian and the amount of the judgment herein as well, or an additional bond, which, together with the original bond, shall be security therefor; and, as so modified, affirmed, with costs. All concur.