IRA LEO BAMBERGER, Plaintiff, *v.* AMERICAN SURETY CO., Defendant.

(Supreme Court, Kings Special Term, September, 1905.)

Executors and administrators — Actions on administrators' bonds — Right to sue — Assignee of claim and judgment against administratrix may sue.

The assignment of a claim against the estate of a decedent and of a judgment recovered thereon against the administratrix carries with it all rights and benefits under a decree entered upon the judicial settlement of the accounts of the administratrix whether the assignment was made before or after its entry.

Where a decree, made upon the judicial settlement of the accounts of an administratrix, directed payment of an assigned claim to the assignor thereof. the assignee may, under section

2607 of the Code of Civil Procedure, maintain an action in his own name upon the official bond of the administratrix to recover the money.

Where the complaint in such action sets forth the official bond at length and the principal debtor is described therein as being of " No. 990 Lafayette avenue, Brooklyn, New York ", it will be presumed that she has continued to reside in Kings county; and the omission to allege that an execution had been issued to the county where she resides, as required by said section 2607, is not fatal, the presumption being that it was properly issued.

ACTION by assignee of claim against decedent's estate upon the official bond of an administrator. The opinion states the case.

Ira Leo Bamberger, for plaintiff.

Henry C. Willcox, for defendant.

GARRETSON, J. The language of section 2607 of the Code should not be construed according to the strict letter thereof; and so that no person having an interest in the enforcement of the surrogate's decree, can maintain an action upon the official bond of an administrator other than the person in whose favor the decree was made.

Assuming that the allegations of fact set forth in the complaint are true and gathering therefrom every inference most favorable to the plaintiff, it appears among other things that the plaintiff is the owner, by assignment from Charles G. Gall, of a claim against the estate of Joseph Gall, deceased, and also of a judgment recovered upon such claim by Charles G. Gall against Amelia Gall as administratrix of Joseph Gall, deceased, on or about October 16, 1897.

That on or about May 4, 1904, a decree was made by the surrogate of Kings county upon the judicial settlement of the accounts of the administratrix, and that thereby she was directed to pay to said Charles G. Gall certain sums of money in part payment and discharge of his said claim against the estate.

The assignment of the claim and judgment carried with

it all the rights and benefits existing or to come under the decree, and whether the assignment was made before or after its entry.  The assignee owns the claim and judgment; the sums of money were directed by the decree to be paid on account thereof; the plaintiff is the only person interested in the recovery of such sums and can alone pursue the remedies afforded by the law for their recovery.

The claim was assignable (Code Civ. Pro., § 1910) and the transfer thereof passed an interest which the plaintiff can enforce by an action or special proceeding in his own name as Charles G. Gall might have done.  (Id., § 1909.) Plaintiff being the real party in interest is bound to sue in his own name.  (Id., § 449.)  Had the action been brought in the name of the assignor, defendant could have effectually interposed the defense available from this section.  Sections 814 and 2067 should be read and construed in connection with sections 1909, 1910 and 449, for the purpose of determining their effect in respect to each other, for they are deemed to have been enacted simultaneously. (Id. § 3355.)

It may be observed that if none but the person in whose favor a decree is made can sue on an official bond under section 2607, the executor, administrator, trustee in bankruptcy or general assignee for the benefit of creditors of such person cannot bring such a suit.

Section 2607 also provided: " If the principal debtor is a resident of the State, the execution must have been issued to the county where he resides," and the learned counsel for the defendant says that the omission to so allege is a defect which goes to the sufficiency of the cause of action.  The bond is set forth at length in the complaint and therein the principal debtor is described as being of " No. 990 Lafayette avenue, Brooklyn, New York," which was and is in the county of Kings, to which county the execution was issued, and it may be presumed that this county was, and has continued to be, her place of residence. But granting that such allegation is wholly wanting, the omission is not fatal.  There is no illegal presumption arising therefrom.  If any presumption is to be indulged in

on the subject, it is that the execution was issued to the proper officer. At all events it is not to be presumed otherwise from the absence of the allegation. See Campbell **v.** Foster, 35 N. Y. 363.

The cases of Hood v. Hood, 85 N. Y. 561; Nanz v. Oakley, 122 id. 631; Hood v. Hayward, 124 id. 1; Prentiss v. Weatherly, 68 Hun, 114, cited by the learned counsel for the plaintiff as bearing upon the question firstly above considered, seem to me not to be inconsistent or at variance with the conclusion reached thereon.

If the foregoing views are correct, as they are believed to be, the plaintiff has legal capacity to sue; there is no defect of parties plaintiff, and the complaint states facts sufficient to constitute a cause of action.

There should be judgment for the plaintiff upon the demurrer, with costs, with leave to the defendant to answer within twenty days on payment of costs.