(109 App. Div. 917; 48 Misc. Rep. 221)

### BAMBERGER v. AMERICAN SURETY CO.

(Supreme Court, Appellate Division, Second Department.    November 24, 1905.)

**1. JUDGMENT AGAINST ADMINISTRATOR—ASSIGNMENT.**

A judgment against an administrator on a claim against a decedent's estate is assignable, under Code Civ. Proc. § 1910, providing that any claim or demand can be transferred, except in certain specified cases, not including such judgments.

**2. PARTIES—PLAINTIFFS—REAL PARTY IN INTEREST.**

Where a judgment against an administrator on a claim against a decedent's estate was assigned to plaintiff, he thereby became the real party in interest, and was required to bring all proceedings for the enforcement thereof in his own name as provided by Code Civ. Proc. §§ 449, 1909.

**3. EXECUTORS AND ADMINISTRATORS—ACTION ON BOND—PERSONS ENTITLED TO SUE.**

Code Civ. Proc. § 2607, provides that when an execution on the surrogate's decree against an administrator has been returned wholly or partially unsatisfied, an action to recover the sum remaining uncollected may be maintained on his official bond by and in the name of the person in whose favor the decree was made. *Held*, that where a judgment against an administrator was assigned to plaintiff, such section did not preclude plaintiff from maintaining an action on the administrator's bond in his own name, which he was required to do if at all, as the real party in interest.

**4. SAME—PLEADING.**

Code Civ. Proc. § 2607, authorizes an action on the bond of an administrator where execution has been returned unsatisfied on a judgment recovered against such administrator, and declares that, if the principal debtor is a resident of the state, the execution must have been issued to the county where he resides. *Held*, that a complaint on a judgment against an administrator was not objectionable for failure to allege that the administrator was a resident of the county to which the execution which was returned unsatisfied was issued, as required by Code Civ. Proc. § 2607.

Appeal from Special Term, Queens County.

Action by Ira L. Bamberger against the American Surety Company of New York. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

The following is the opinion of the court, per Garretson, J., at Special Term:

The language of section 2607 of the Code of Civil Procedure should not be construed according to the strict letter thereof; and so that no person having an interest in the enforcement of the surrogate's decree can maintain an action upon the official bond of an administrator other than the person in whose favor the decree was made. Assuming that the allegations of fact set forth in the complaint are true, and gathering therefrom every inference most favorable to the plaintiff, it appears, among other things, that the plaintiff is the owner by assignment from Charles G. Gall of a claim against the estate of Joseph Gall, deceased, and also of a judgment recovered upon such claim by Charles G. Gall against Amelia Gall as administratrix of, etc., of Joseph Gall, deceased, on or about October 16, 1897; that on or about May 4, 1904, a decree was made by the surrogate of Kings county upon the judicial settlement of the accounts of the administratrix, and that thereby she was directed to pay to said Charles G. Gall certain sums of money in part payment and discharge of his said claim against the estate.

The assignment of the claim and judgment carried with them all the rights

and benefits existing or to come under the decree, and whether the assignment was made before or after its entry. The assignee owns the claim and judgment. The sums of money were directed by the decree to be paid on account thereof. The plaintiff is the only person interested in the recovery of such sums, and can alone pursue the remedies afforded by the law for their recovery. The claim was assignable (Code Civ. Proc. § 1910) and the transfer thereof passed an interest which the plaintiff can enforce by an action or special proceeding in his own name as Charles G. Gall might have done (Id. § 1909). Plaintiff, being the real party in interest, is bound to sue in his own name. Id. § 449. Had the action been brought in the name of the assignor, defendant could have effectually interposed the defense available from this section. Sections 814 and 2067 should be read and construed in connection with sections 449, 1909, 1910, for the purpose of determining their effect in respect to each other, for they are deemed to have been enacted simultaneously (Id. § 3335). It may be observed that if none but the person in whose favor a decree is made can sue on an official bond under section 2607, the executor, administrator, trustee in bankruptcy, or general assignee for the benefit of creditors of such person cannot bring such a suit.

Section 2607 also provides: "If the principal debtor is a resident of the state, the execution must have been issued to the county where he resides." And the learned counsel for the defendant says that the omission to so allege is a defect which goes to the sufficiency of the cause of action. The bond is set forth at length in the complaint, and therein the principal debtor is described as being of "No. 990 Lafayette Avenue, Brooklyn, New York," which was and is in the county of Kings to which county the execution was issued, and it may be presumed that this county was, and has continued to be, her place of residence. But, granting that such allegation is wholly wanting, the omission is not fatal. There is no legal presumption arising therefrom. If any presumption is to be indulged in on the subject, it is that the execution was issued to the proper officer. At all events it is not to be presumed otherwise from the absence of the allegation. See Campbell v. Foster, 35 N. Y., at page 363. The cases of Hood v. Hood, 85 N. Y. 561; Nanz v. Oakley, 122 N. Y. 631, 25 N. E. 263; Hood v. Hayward, 124 N. Y. 1, 26 N. E. 331; Prentiss v. Weatherly, 68 Hun, 114, 22 N. Y. Supp. 680, cited by the learned counsel for the plaintiff as bearing upon the question firstly above considered, seem to me not to be inconsistent or at variance with the conclusion reached thereon.

If the foregoing views are correct, as they are believed to be, the plaintiff has legal capacity to sue, there is no defect of parties plaintiff, and the complaint states facts sufficient to constitute a cause of action.

There should be judgment for the plaintiff upon the demurrer, with costs, with leave to the defendant to answer within 20 days on payment of costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, HOOKER, and MILLER, JJ.

Henry C. Willcox, for appellant.
Ira Leo Bamberger, for respondent.

PER CURIAM. Interlocutory judgment overruling demurrer to the complaint affirmed, with costs, on the opinion of Mr. Justice Garretson at Special Term.

---

(109 App. Div. 560.)

DARRAGH v. ROWE et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PLEADING—CROSS-COMPLAINT—RELIEF AGAINST CODEFENDANTS.

Where plaintiff in a suit to follow alleged trust funds into land brings in as defendants all parties in interest, including a vendee of the land, alleging that such vendee claims an interest in the premises, the vendee may set up his equities as a bona fide purchaser and ask for affirma-