1. GUARDIAN AND WARD—EMPLOYMENT OF ATTORNEY—CLAIM FOR EXPENSES.
    Where a guardian employs an attorney to render legal services in prosecuting a claim in favor of his ward before his appointment, the court cannot allow the claim of the guardian for the expenses thus incurred.

2. SAME—ACCOUNTING.
    Where a guardian settles his accounts under Code Civ. Proc. §§ 2835, 2836, before his successor is chosen, such accounting is not, under the direct provisions of section 2837, conclusive on an accounting after the appointment of the successor.

In the matter of the settlement of accounts of William D. Tyndall, guardian. Decree rendered.

William D. Tyndall, general guardian, in pro. per.
John D. Lyons, special guardian.

SMITH, S. In this proceeding the general guardian has filed a final account and asks to be discharged, upon turning over to his successor in office the balance of the estate in his hands. The special guardian appointed to represent the infant in this proceeding objects to the allowance of an item of $12,813.80, which the general guardian has deducted from the amount of money in his hands as such for his counsel fees and disbursements in the action in which the estate of the infant was created. The infant, Eston E. De Vore, was injured in a railroad accident in 1892. An action was brought in the Supreme Court of Orange county to recover damages therefor by Mary O. Heater, his mother and guardian ad litem. The action was transferred to the United States Circuit Court, and after two trials and appeals the plaintiff recovered judgment for $21,855.80, including costs. This amount was paid to Tyndall as general guardian, in June, 1903, and constitutes the entire estate or property coming into his hands. Mrs. Heater, as mother and guardian ad litem, entered into an agreement with Tyndall, while the litigation above named was pending, by which she agreed that he should be paid for his counsel fees and services in the action 50 per cent. of whatever sum was recovered, exclusive of

costs and disbursements. Subsequent to the payment of the judgment, Mr. Tyndall, as general guardian, made application to this court for an order allowing him to retain the said sum as his counsel fees and disbursements in said action, and upon said agreement and other facts an order was made, on notice, granting and allowing the same. The item was thereafter contained in the account of the guardian, as filed and settled in June, 1904; but the guardian was not discharged at that time, as no successor was then appointed. The power of the surrogate to make the order and decree allowing the claim, heretofore entered, is disputed; and after examining the matter I have concluded that neither the order allowing the claim of the guardian nor the decree settling his accounts is conclusive in this proceeding. As to the first order, section 2846 of the Code is not broad enough to confer the authority for it, as that section authorizes an order directing the application of the infant's property "to the support and education of the infant," and the provisions of section 2719, under which it has been held that the surrogate has authority to entertain a proceeding by an executor or administrator for the allowance of his personal claim (Matter of Marcellus, 165 N. Y. 70, 58 N. E. 796) has no application to the claim of a general guardian. As to the decree entered in June, 1904, settling the accounts of the guardian before his successor had been chosen, the proceeding is authorized by sections 2835 and 2836; but section 2837 provides that it shall not be conclusive on an accounting after the appointment of a successor. Matter of Hawley, 104 N. Y. 266, 10 N. E. 352.

The claim of Mr. Tyndall, therefore, for services rendered as counsel for the infant in the action in which the estate was created, and before his appointment as general guardian, is now before the court for determination. The first question which suggests itself is: Has the surrogate any power to pass upon the claim? The special guardian files objections denying the surrogate's jurisdiction, and alleging that, the services having been performed in the United States courts, the compensation must be made by those courts. From the examination which I have made of the statutes and authorities bearing upon this question, I am unable to find any which confer upon me the jurisdiction to pass upon this claim. Section 2731 of the Code, which allows the surrogate to determine the personal claim of an executor or administrator on the final settlement of his accounts, is not made applicable to the claim of a general guardian. Section 2850, in providing what provisions of law governing accountings by executors and administrators should be applicable to accountings by general guardians, does not include section 2731. From which, it seems obvious, that no such power as therein expressed was intended to be conferred upon the surrogate in case of settlement by guardians. In Redfield's Law and Practice (6th Ed.) § 1037, it is said:

"The surrogate's authority to compel a guardian to account is limited to an account of his proceedings under the power given him by his letters, * * * and cannot be extended back to previous transactions. * * * Neither can the guardian be allowed for services rendered for the ward before he was appointed guardian; and a promise of the ward to pay for them, made after he became of age, does not make them proper matters of charge upon such accounting"—citing Clowes v. Van Antwerp, 4 Barb. 416.

In the last case the guardian sought to charge the ward, in his accounts, with an item of $150 for professional services, rendered before his appointment, in the collection of a legacy due her estate. Judge Parker then held that the surrogate had no authority to make the allowance, and that he properly rejected the claim, holding that the remedy of the guardian was in some other tribunal. In the case of Morgan v. Hannas, 49 N. Y. 667, it is held that where a guardian is an attorney and counselor at law he cannot charge for professional services rendered in the affairs of his ward, and no order of the surrogate, either before or after the services are rendered, fixing the compensation, will legalize the charge.

Having reached the conclusion that this court is without authority to pass upon the item or claim objected to, it is unnecessary to consider here the rights of the guardian in the United States courts. The affidavits and papers on file show that Mr. Tyndall performed very effective and meritorious services in the action in which the infants' property was made. They show unceasing diligence, great effort, and large expenditures by him in carrying the case to a successful termination. He certainly should be well and adequately compensated for his expenditure of time and money in behalf of this estate. We have no doubt that a sufficient remedy can be found in the proper tribunal; but it must be borne in mind that the Surrogate's Court is a court of limited jurisdiction, that it possesses such powers only as are expressly conferred upon it by statute or are necessary to carry out and make effectual the jurisdiction actually granted, that it possesses no general equity powers, and that it can award no relief to the guardian here on the ground that he has an equitable and meritorious claim. For these reasons we must disallow the claim, and surcharge the guardian with the same; but the matter should be held open for a reasonable time to allow the guardian an opportunity to have his claim adjusted by the proper authority, so that he can be credited with the amount awarded to him on turning over the estate to his successor.

Decreed accordingly.