(117 App. Div. 294)

## In re TYNDALL.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

1. GUARDIAN AND WARD—CONTRACTS—APPROVAL—EX PARTE ORDER.

An ex parte order of the surrogate, made in the matter of the guardianship of an infant, approving the contract between the guardian ad litem of such infant and an attorney, who before the making of the order was appointed general guardian of the infant, employing such attorney to conduct the action commenced by the guardian ad litem for injury to the infant for one-half of the recovery, is not binding on the infant, who was not a party to the proceeding.

2. SAME—SETTLING GUARDIAN'S ACCOUNTS—SERVICE OF CITATION.

The decree of the surrogate, purporting to settle the accounts of the guardian of an infant and allowing him an item of compensation for his services as attorney for the infant in an action for injury to him, is without jurisdiction: service of citation not having been made on the infant himself, but there being merely an admission of service on the mother of the infant and on the special guardian appointed for him on the accounting.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, § 486.]

3. SAME—ACTION IN FORMA PAUPERIS—DETERMINING ATTORNEY'S COMPENSATION.

The compensation of an attorney for an infant suing in forma pauperis in a federal court, in which, though the provision of Code Civ. Proc. § 460, that an attorney of one suing in such form shall receive no compensation, has no force, the rule obtains that he shall be allowed only what his services are worth, without regard to contract, is properly left for the determination of that court by the Surrogate's Court, in which the matter of the infant's guardianship is pending.

Appeal from Surrogate's Court, Sullivan County.

In the matter of the application of William D. Tyndall for the judicial settlement of his account of his proceedings as general guardian of Eston E. Devore, an infant. From a decree of the surrogate (96 N. Y. Supp. 222), said Tyndall appeals. Modified and affirmed.

Some time prior to December, 1899, Eston E. Devore, an infant, was injured in a railroad accident. An action was brought in the Supreme Court of this state against the Delaware, Lackawanna & Western Railroad Company by Mary O. Heater, his mother and guardian ad litem, to recover his damages sustained in such accident. The action was transferred to the United States Circuit Court, and after two trials the plaintiff recovered a judgment for $21,-855.80. William D. Tyndall, the appellant in this proceeding, acted as the attorney for this infant and for the guardian ad litem. In the state court, before the action was removed to the United States Circuit Court, he procured an order that the action might be brought in forma pauperis. After the action was removed to the United States court he procured a similar order in that court, and the action was thus prosecuted to its termination. This judgment was paid to Mr. Tyndall upon June 8, 1903. About a month prior thereto, and upon May 12, 1903, the said Tyndall was by the Surrogate's court of Sullivan county appointed general guardian of the infant, who was then under the age of 14. After the commencement of the action in the state court the guardian ad litem entered into an agreement with the appellant that he should receive as compensation for his services 50 per cent. of the recovery. On June 1, 1903, after the said Tyndall had become general guardian, and about a week before the payment of the said moneys, upon petition by said Tyndall, an ex parte order was granted by the said surrogate allowing to him the said 50 per cent. of any recovery that should be obtained, in addition to all costs and disbursements.

About a year thereafter, and in May, 1904, Mr. Tyndall filed in the Surrogate's Court a petition, entitled "In the Matter of the Judicial Settlement of the Account of Proceedings of William D. Tyndall, General Guardian of Eston E. Devore, an Infant," in which, after alleging his appointment as general guardian, he averred, following the language of section 2489 of the Code, that he was desirous of rendering an account of all his proceedings as such general guardian, of having the same judicially settled, and of being discharged from his duties and liabilities, and for that purpose he prayed that a citation might issue to the infant and Mrs. Heater, his mother. Upon this petition a citation was issued, dated the 28th day of May, and returnable at 2 o'clock in the afternoon of the 13th day of June, 1904. The citation was addressed, not only to the infant and Mrs. Heater, but to John D. Lyons, Esq., special guardian for said infant on accounting. The only purpose of the proceeding, as stated in the citation, was to examine the accounts of William D. Tyndall, general guardian of Eston E. Devore. The citation was not served on the infant. Instead of such service was an admission of service upon the mother and the special guardian so appointed. In the proceeding thus begun Mr. Tyndall filed accounts as general guardian, in which he charges himself as guardian with the amount of the judgment collected from the Delaware, Lackawanna & Western Railroad Company, amounting, as stated, to $21,855.80, and credits himself with the payment of $12,813.80, made to himself as attorney as the amount of his "fee per order," referring evidently to the earlier ex parte order of June 1, 1903. Upon the said date the surrogate made a decree which assumed to settle the guardian's accounts as filed, showing a balance remaining in his hands of only $8,-848.05, directed that out of this amount further payments, aggregating $511.99, be made, and directed the payment of the remainder, to wit, $8,326.06, to his successor in office. Nothing further was done until January, 1905, when Mr. John Z. Twichell was appointed by the surrogate the guardian of said infant to succeed the appellant, Tyndall. Thereafter, and upon March 17, 1905, the appellant, Tyndall, filed a further petition, in which the accounting and decree before mentioned were referred to, and the appointment of Mr. Twichell as the successor general guardian averred. In that petition request was made that a citation be issued to all parties named therein, to the end that said Tyndall might render a supplemental account, and upon the passing of the same might turn over the funds, securities, books, and papers to his successor in office. The citation was returnable April 17, 1905. This citation, like the earlier one, was addressed, not only to the infant and his mother, but to John D. Lyons as "special guardian for said infant on accounting." Upon this accounting a balance was shown by him of $8,541.57 to be distributed to the ward or paid to Mr. Tyndall's successor in office, subject to the expenses of the accounting. Upon this accounting, however, Mr. Lyons, the special guardian, objected to the item of $12,813.80 received by Mr. Tyndall, and the surrogate decided that the decree and order theretofore made in respect of this item were invalid and declined to pass upon the claim. For these reasons the claim was disallowed, and the guardian was charged with the full amount of the moneys under the judgment against the Delaware, Lackawanna & Western Railroad Company, less certain expenses, and by reason of the supposed lack of jurisdiction the surrogate declined upon the accounting to allow him anything for services in said action, but directed that "the matter should be held open for a reasonable time to allow the guardian an opportunity to have his claim adjusted by the proper authority, so that he can be credited with the amount awarded to him on turning over the estate to his successor." In the decree made this date was fixed as April 1, 1906, or three months after the making thereof. From this decree, Tyndall has appealed, claiming that the surrogate erred in refusing to allow to him the compensation provided for in the agreement with the special guardian and in the decree of June 13, 1904.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Walter K. Barton, for appellant.

Parsons, Closson & McIlvaine (William E. Carnochan, of counsel), for respondent.

SMITH, J.   The ex parte order of June 1, 1903, approving of the contract between the special guardian and Tyndall, is ineffective against this infant, who was not a party to the proceeding.  Moreover, the contract was made while the action was being prosecuted by the plaintiff in forma pauperis, and by section 460 of the Code of Civil Procedure Tyndall was bound to prosecute that action without compensation, and the contract was therefore unenforceable.   The decree of June 13, 1904, purporting to settle the accounts of Tyndall and allowing this item as compensation, was wholly without jurisdiction for failure to serve the citation upon the infant himself.   Potter v. Ogden, 136 N. Y. 384, 33 N. E. 228.   Upon the accounting, therefore, which resulted in the decree from which this appeal is taken, there was no adjudication binding upon the surrogate as to the allowance of this compensation, and he was free to act upon the facts as were then presented to him.   In the opinion of the learned surrogate he states that he was without jurisdiction to pass upon this claim, but that the allowance of compensation must be determined by the court in which the action was tried.   The decree itself, however, only declined to allow compensation until the same shall be determined "by the proper court."   In our view of the case it is unnecessary to decide whether or not the surrogate could have assumed jurisdiction to pass upon this claim.   He might well, as matter of propriety or discretion, have declined to pass upon it, and sent the parties into the United States court for the determination thereof.   Upon an appeal from a surrogate's decree this court has the same power to decide the questions of fact that the surrogate had, and may in its discretion receive further testimony, and may affirm, reverse, or modify the decree or order appealed from as to any and all parties.   Code Civ. Proc. §§ 2586, 2587.   These provisions of the Code have been held to give the Appellate Division upon these appeals the power of the surrogate himself.   Matter of Rogers, 10 App. Div. 593, 42 N. Y. Supp. 133; Matter of Laudy, 78 Hun, 479, 29 N. Y. Supp. 136; Matter of Drake (Sup.) 60 N. Y. Supp. 1023.   If, in our judgment, the decree appealed from be a proper one, we may affirm it, although based upon an erroneous conception either of the facts or of the law.   While, under the United States statutes, there is no provision, as is found in our statute, that in an action brought by a plaintiff in forma pauperis the attorney shall receive no compensation, nevertheless the right of an attorney to receive compensation is held by the United States courts to be under the control and guidance of that court, which, notwithstanding an agreement for specific compensation, will nevertheless determine the compensation to be allowed the attorney as upon a quantum meruit.   In Whelan v. Manhattan Railway Company (C. C.) 86 Fed. 219, 220, the rule is thus stated by Judge Lacombe.

"Once it is shown to the court that there is a cause of action 'worthy of a trial,' which plaintiff, a citizen of the United States, cannot prosecute without incurring indebtedness, which such citizen is too poor to pay, then Congress provides a way whereby such poor citizen may have his day in court without incurring such indebtedness.   Not only is he to be relieved from securing the costs of his adversary, but an attorney is to be provided for him by the court, who will prosecute his cause of action without stipulating for some compen-

sation, in the event of success, larger than the quantum meruit. In other words, the 'poor citizen' will not be compelled, by reason of his poverty, to enter into any contract more oppressive than such as could be made by his more fortunate fellow citizen. The attorney assigned by the court, in the event of nonsuccess, will, of course, receive nothing; in the event of final success, he may apply to the court for an order fixing a fair compensation for the services he may actually render, which will be paid to him out of the fund recovered, and the balance only paid over to plaintiff.

"If the attorney who brought the action is willing to continue the litigation on those terms, he will be assigned to represent plaintiff; if not, the court will find some other attorney to prosecute her case."

We are of opinion that the decree made was an eminently proper one and should stand.

Counsel both for the appellant and respondent stated upon the argument that, since the making of this decree, application had been made in the United States court for a determination of the amount of compensation which should be paid to this attorney, and that a hearing was had before a master, who determined that the appellant should have one-third of the recovery, in addition to certain allowances for expenses. This report of the master was confirmed by the court, after allowing to the attorney an additional sum for expenses. If these facts had been put before us formally, we might here perfect the decree without sending the matter back to the surrogate. Without the figures stipulated before us, we must send the matter back to the surrogate, before whom the determination of the United States court can be presented. The time within which the appellant was authorized by the decree to present the order of the United States court was fixed as April 1, 1906. That time should be extended to March 1, 1907, and the decree so modified, and, as modified, affirmed, with costs.

Decree modified as per opinion, and, as modified, affirmed, with costs. All concur.