The action, however, was not one for personal injury. It was for an injury to his property interests. If this were an action for wages under a broken contract of service, there would be no question that the cause of action would survive, and yet this is the nature of the action given by the statute, and because given by the statute its nature is not altered nor is the claim made the less assignable, which is the test of its survivability. We think the right of survival is determined by decisions in analogous cases. Matter of Meekin v. Brooklyn Heights Railroad Company, 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635; Morenus v. Crawford, 51 Hun, 89, 5 N. Y. Supp. 453; Cregin v. Brooklyn Crosstown Railroad Company, 75 N. Y. 192, 31 Am. Rep. 459.

Again, it is objected that it appears by the confession of Burke himself that he did not seek other employment, which fact would prevent his recovery, or at least authorize a nominal verdict only under the case of Ruland v. Waukesha Water Company, 52 App. Div. 280, 65 N. Y. Supp. 87. A sufficient answer to this proposition in this case, however, would seem to be that the plaintiff's assignor, for a part of the time at least, was excused from seeking other similar employment by the promise of defendant's representative to give him employment upon the streets after the ice and snow had been gotten out. It may be that after he was finally refused employment he could not recover if he wholly neglected to seek similar employment elsewhere. But this proposition was not presented to the trial courts, and the jury was not asked to be instructed as to the application of this rule after the final declaration of the defendant that intestate would not be employed because of the failure to get the recommendation of the alderman of his ward.

We see no other grounds for reversal of the judgment, and conclude that the judgment and order should be affirmed, with costs. All concur.

---

(117 App. Div. 301)

### In re TWICHELL.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

GUARDIAN AND WARD—APPOINTMENT OF GUARDIAN—MOTION TO VACATE.

An application by a guardian of an infant to set aside a decree appointing his successor was not brought in the method prescribed in Code Civ. Proc. §§ 2832, 2833, nor made in behalf of the infant, but was made after requesting a settlement of his accounts, and that he be allowed to resign and his successor be appointed, and after the guardian appointed began contesting his claim for compensation. Held, that the application should be denied; it appearing that it was made to allow him to delay passing over the ward's money.

Appeal from Surrogate's Court, Sullivan County.

In the matter of the appointment of John Z. Twichell as guardian of the person and estate of Eston E. Devore, an infant. Motion by William D. Tyndall to vacate a decree appointing John Z. Twichell guardian. Motion denied, and William D. Tyndall appeals. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCH-RANE, JJ.

Walter K. Barton, for appellant.

Parsons, Closson & McIlvaine (William E. Carnochan, of counsel), for respondent.

SMITH, J. In an opinion in the Matter of the Application of William D. Tyndall for the Judicial Settlement of his Account of his Proceedings as General Guardian of Eston E. Devore, an infant, the decision of which is handed down concurrently with the decision in this case, the facts are substantially stated as to the manner in which the respondent was appointed as general guardian. The application for his removal by the appellant was made upon various grounds. The application is not brought in the method provided by sections 2832 and 2833 of the Code of Civil Procedure, and, moreover, it does not seem to be made in behalf of the infant. After the decree appointing Twichell as guardian this appellant petitioned for a settlement of his accounts as general guardian, alleging the due appointment of Twichell as his successor and cited him to attend the settlement of his accounts, and asking leave to turn over to his successor the securities and amounts due the estate. In the petition for the accounting of June 13th he had requested a settlement of his accounts, and that he be allowed to resign and that a successor be appointed. It is only after the present guardian had refused to recognize his claim for compensation and was successfully contesting the same that this application was made, as appears clearly, not in the interest of the infant, but in his own interest, that he may delay passing over the moneys which are found due from him to the estate.

For these reasons the surrogate was authorized to deny his motion, and the order should be affirmed, with $10 costs and disbursements. All concur.